**Appeal No. 2023-1359**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

KROY IP HOLDINGS, LLC,

*Plaintiff-Appellant*

*v.*

GROUPON, INC.,

*Defendant-Appellee*

*Appeal from the United States District Court for the District of Delaware in Case No. 1:17-cv-01405-MN, Judge Maryellen Noreika*

**BRIEF OF DEFENDANT-APPELLEE GROUPON, INC.**

Thomas L. Duston
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
tduston@marshallip.com
rricordati@marshallip.com
cmurray@marshallip.com

OCTOBER 19, 2023

*Counsel for Defendant-Appellee Groupon, Inc.*

## PATENT CLAIMS AT ISSUE

The following claims 91-93, 95-97, 100, 103-104, and 107-111 are from U.S. Patent No. 6,061,660:

91. A method for generating an incentive program, comprising:

providing a computer;

providing an incentive program builder application of such computer;

providing a database of objects associated with parameters of an incentive program;

providing an interface of the incentive program builder application for user entry of parameters for an incentive program;

associating an object with each parameter entered by the user;

generating an incentive program comprising the objects associated with all of the parameters entered by the user;

wherein the computer is a host computer provided by a host through which a sponsor offers the incentive program to a consumer,

wherein the host, the sponsor, and the consumer are different entities, and

wherein the host and the sponsor are different individuals or corporate entities,

wherein the incentive program is a promotion of the sponsor offered to the consumer and facilitated by the host;

receiving consumer interaction through a website of the host to participate in the incentive program

wherein the receiving comprises:

receiving a consumer request to search for promotions from among a plurality of promotions offered to the consumer by a plurality of sponsors.

92. The method of claim 91, wherein the receiving a consumer request comprises:

receiving a request to search for the promotions using a name of the sponsor from among the plurality of sponsors.

93. The method of claim 91, wherein the receiving a consumer request comprises:

receiving a request to search for the promotions using a type of promotion from among the plurality of promotions.

95. A method of incentive program generation, comprising:

providing a host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer; builder application;

providing a database of objects associated with parameters of said incentive program builder application;

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program,

wherein the sponsor builds an incentive program by interacting with the incentive program builder application,

wherein the host computer is provided by a host, the host computer configured to allow the sponsor to offer the incentive program to a consumer,

wherein the host, the sponsor, and the consumer are different entities, and

wherein the host and the sponsor are different individuals or corporate entities,

wherein the incentive program is a promotion of the sponsor offered to the consumer and facilitated by the host; and

receiving consumer interaction through a website of the host to participate in the incentive program,

wherein the receiving comprises:

receiving a consumer request to search for promotions from among a plurality of promotions offered to the consumer by a plurality of sponsors.

96. The method of claim 95, wherein the receiving a consumer request comprises:

receiving a request to search for the promotions using a name of the sponsor from among the plurality of sponsors.

97. The method of claim 95, wherein the receiving a consumer request comprises:

receiving a request to search for the promotions using a type of promotion from among the plurality of promotions.

100. A method of incentive program generation and redemption, comprising:

providing a host computer, said host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer;

providing a database of objects associated with parameters of said incentive program builder application;

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program offered to a customer, wherein the sponsor builds an incentive program by interacting with the interface of the incentive program builder application;

issuing an award to the consumer in accordance with the incentive program, wherein the incentive program is a promotion of the sponsor to the consumer facilitated by the host;

receiving, from the sponsor, a request to validate the award, wherein the award is received by the sponsor from the consumer;

validating the award using the database,

wherein the host, the sponsor, and the consumer are different individuals or corporate entities,

wherein the host computer is provided by a host through which the sponsor offers the incentive program to a consumer

wherein the host computer hosts a website of the host through which the sponsor builds the incentive program; and

providing an interface of a website of the host, wherein the consumer interacts with the interface to participate in the incentive program,

wherein the website of the host provides to the consumer incentive programs of a plurality of sponsors.

103. A method of incentive program generation, comprising:

providing a host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer;

providing a database of objects associated with parameters of said incentive program builder application; and

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program,

wherein the sponsor builds an incentive program by interacting with the incentive program builder application,

wherein the host computer is provided by a host, the host computer configured to allow the sponsor to offer the incentive program to a consumer,

wherein the host, the sponsor, and the consumer are different entities,

wherein the host and the sponsor are different individuals or corporate entities,

wherein the incentive program is a promotion of the sponsor offered to the consumer and facilitated by the host; and

issuing an electronic card to the consumer, the electronic card storing information of the consumer for accessing the promotion of the sponsor offered to the consumer.

104. The method of claim 103, further comprising validating participation of the consumer in the promotion using the electronic card.

107. A method of incentive program generation and redemption, comprising:

providing a host computer; said host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer;

providing a database of objects associated with parameters of said incentive program builder application;

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program offered to a customer; wherein the sponsor builds an incentive program by interacting with the interface of the incentive program builder application;

issuing an award to the consumer in accordance with the incentive program, wherein the incentive program is a promotion of the sponsor to the consumer facilitated by the host;

receiving, from the sponsor, a request to validate the award, wherein the award is received by the sponsor from the consumer;

validating the award using the database,

wherein the host, the sponsor, and the consumer are different individuals or corporate entities; and

issuing an electronic card to the consumer; the electronic card storing information of the consumer for accessing the promotion of the sponsor offered to the consumer.

108. The method of claim 107, further comprising validating participation of the consumer in the promotion using the electronic card.

109. The method of claim 107, wherein the validating comprises validating the award using the database and the electronic card.

110. The method of claim 107, wherein the electronic card indicates participation of the consumer in the promotion.

111. A method of incentive program generation, comprising:

providing a host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer;

providing a database of objects associated with parameters of said incentive program builder application;

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program, wherein the sponsor builds an incentive program by interacting with the incentive program builder application;

receiving first input from a plurality of sponsors corresponding to the parameters for creating a plurality of incentive programs associated with the plurality of sponsors via the interface of the incentive program builder application from a plurality of sponsors;

receiving second input from a consumer selecting an incentive program from among the plurality of incentive programs;

issuing an award to the consumer corresponding to the selected incentive program;

receiving a request to validate the award; and

validating the award.

**FORM 9. Certificate of Interest**

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 23-1359 |
| **Short Case Caption** | Kroy IP Holdings, LLC v. Groupon, Inc. |
| **Filing Party/Entity** | Groupon, Inc. |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/19/2023

Signature: /s/ Thomas L. Duston

Name: Thomas L. Duston

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Groupon, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**FORM 9. Certificate of Interest**

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| Marshall, Gerstein & Borun LLP: | Tiffany D. Gehrke, Sandip H. Patel Michael R. Weiner, Ryan N, Phelan, Tron Fu, Kwanwoo Lee | |
| Ashby & Geddes: | Andrew Mayo | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| Kroy IP Holdings, LLC v. Groupon, Inc. 2020-1916 (LEAD) | Groupon, Inc., Petitioner v. Kroy IP Holdings, LLC, Patent Ower, IPR2019-00061 | |
| Kroy IP Holdings, LLC v. Groupon, Inc. 2020-1917 (Consolidated) | | |
| Groupon, Inc., Petitioner v. Kroy IP Holdings, LLC, Patent Ower, IPR2019-00044 | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

STATEMENT OF RELATED CASES ..................................................................1

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF THE ISSUES ...........................................................1

III.    STATEMENT OF THE CASE ................................................................2

    A.    Kroy's '660 Patent and Action Against Groupon ..................................2

    B.    IPR Proceedings, Final Written Decisions, and Affirmance ...............2

    C.    Kroy's Second Amended Complaint and Groupon's Motion to Dismiss .................................................................................................4

    D.    The District Court's Decision Granting the Motion to Dismiss ..........5

        1.    Evaluation of Whether the Prior Determination Was Essential to the Final Judgment ...................................................6

        2.    Evaluation of Whether the Identical Issue Was Previously Adjudicated ....................................................................7

            a.    Claims 111 and 95 (Appx11–17) .................................8

            b.    Claim 100 (Appx17–22)................................................8

            c.    Claims 103, 104 and 107–110 (Appx22–28) ..................9

            d.    Claim 91 (Appx28–31).................................................11

            e.    Claims 92–93 and 96–97 (Appx31–34) ........................12

IV.     SUMMARY OF THE ARGUMENT ....................................................13

V.      ARGUMENT..........................................................................................14

    A.    Standard of Review ..............................................................................14

    B.    Legal Standard......................................................................................14

        1.    Dismissal Under Rule 12(b)(6)...............................................14

        2.    Collateral Estoppel..................................................................15

## TABLE OF CONTENTS
(*Continued*)

**Page**

C.    The District Court Correctly Relied on the Affirmed Board
Judgments for Their Collateral Estoppel Effect ......................18

D.    The District Court Correctly Determined that the Asserted
Claims Were Not Materially Different from the
Invalidated Claims ...................................................................21

E.    The District Court Correctly Determined that the Prior
Determination Was Essential to the Judgment ........................26

VI.    CONCLUSION ...............................................................................28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*,
    823 F.3d 448 (8th Cir. 2016) ...........................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................... 14, 15

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*,
    713 F.3d 1377 (Fed. Cir. 2013) ....................................................15

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015)........................................................... 16, 18, 19

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ...................................................... 14, 15

*Intellectual Ventures I, LLC v. Lenovo Group Ltd.*,
    370 F. Supp. 3d 251 (D. Mass. 2019)............................................... 18, 21, 25

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA*,
    458 F.3d 244 (3rd Cir. 2006)............................................... 15, 16

*Kroy IP Holdings, LLC v. Groupon, Inc.*,
    849 F. App'x 930 (Fed. Cir. 2021) .................................................1

*KSR Int'l Co. v. Teleflex Inc.*,
    550 U.S. 398 (2007)......................................................................5

*M2M Solutions LLC v. Sierra Wireless America, Inc.*,
    No. 14-cv-01102-RGA, 2021 U.S. Dist. LEXIS 62238 (D. Del. Mar. 31,
    2021) ...................................................................................... 17, 20

*MaxLinear, Inc. v. CF CRESPE LLC*,
    880 F.3d 1373 (Fed. Cir. 2018) ....................................................16

*Nelson v. Adams USA, Inc.*,
    529 U.S. 460 (2000)........................................................... 24, 27

# TABLE OF AUTHORITIES
*(Continued)*

**Page(s)**

*Ohio Willow Wood Co. v. Alps South, LLC*,
  735 F.3d 1333 (Fed. Cir. 2013) ............................................................ passim

*Papst Licensing GmbH & Co. v. Samsung Elecs. Am., Inc*.,
  924 F.3d 1243 (Fed. Cir. 2019) .......................................................16

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
  170 F.3d 1373 (Fed. Cir. 1999) ......................................................14

*Phil-Insul Corp. v. Airlite Plastics Co*.,
  854 F.3d 1344 (Fed. Cir. 2017) ..................................................6, 26

*Rates Tech., Inc. v. Mediatrix Telecom, Inc*.,
  688 F.3d 742 (Fed. Cir. 2012) .........................................................26

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
  778 F.3d 1311 (Fed. Cir. 2015) ......................................... 16, 17, 21

*Think Prod., Inc. v. ACCO Brands Corp*.,
  419 F. Supp. 3d 1078 (N.D. Ill. 2019), *aff'd*,
  854 F. App'x 374 (Fed. Cir. 2021)..................................... 16, 17, 20

*Universal Secure Registry LLC v. Apple Inc.*,
  10 F.4th 1342 (Fed. Cir. 2021) ......................................................14

*Wilson Wolf Mfg. Corp. v. Sarepta Therapeutics, Inc.*,
  No. 19-2316-RGA, 2020 WL 7771039 (D. Del. Dec. 30, 2020), *report and recommendation adopted*,
  No. 19-2316-RGA, 2021 WL 7412302 (D. Del. Feb. 2, 2021) ...................15

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018) ........................................................ passim

**Rules**

Fed. Cir. R. 36 ................................................................................. passim

Fed. R. Civ. P. 12(b)(6).............................................................. 4, 14, 15

# TABLE OF ABBREVIATIONS

Kroy                    Plaintiff-Appellant Kroy IP Holdings, LLC

Groupon                 Defendant-Appellee Groupon, Inc.

'660 patent             U.S. Patent No. 6,061,660

## STATEMENT OF RELATED CASES

No other appeal in or from the same civil action was previously before this or any other appellate court.

Counsel is unaware of any case pending in this case or any other tribunal that will directly affect or be directly affected by this Court's decision in the pending case.

# I.    INTRODUCTION

This is Kroy's second appeal relating to its accusations of infringement by Groupon of Kroy's '660 patent. In *Kroy IP Holdings, LLC v. Groupon, Inc.*, 849 F. App'x 930 (Fed. Cir. 2021), the Court affirmed two decisions of the Patent Trial and Appeal Board in IPR2019-00044 and IPR2019-0006, determining that all challenged claims were unpatentable. In this appeal, the district court relied on the Board and this Court's decisions in those IPRs and correctly determined that Kroy's remaining asserted claims of the '660 patent are not materially different in scope from the claims canceled in the IPRs, and therefore applied collateral estoppel to determine that those claims are invalid over the same prior art.

# II.    STATEMENT OF THE ISSUES

1.    Whether the district court committed reversable error by adhering to precedential decisions of the United States Supreme Court and of the Federal Circuit Court of Appeals that have determined collateral estoppel arises from final *inter partes* agency decisions, affirmed by this Court, such as those rendered by the PTAB in the instant proceedings, and that such collateral estoppel precludes relitigation in later proceedings within the District Court of the issues determined.

2.    Whether the district court correctly determined that the appellant, who refused to offer any rebuttal to appellee's detailed comparison of the invalidated claims to those asserted showing the absence of any patentable distinction, failed to

establish that the claims dismissed on collateral estoppel grounds were patentably distinct from those the PTAB had determined were unpatentable.

## III.   STATEMENT OF THE CASE

### A.   Kroy's '660 Patent and Action Against Groupon

The '660 Patent, entitled "System and Method for Incentive Programs and Award Fulfillment," is generally directed to conducting incentive programs over computer networks and providing sponsors, retailers, and consumers with the ability to fulfill awards received through the incentive program. *See* Appx54–109. Kroy filed suit against Groupon on October 6, 2017, alleging that certain self-service systems through which merchants create "deals" on Groupon's marketing platform infringe the '660 patent. Appx1009–1013. The Complaint identified claims 1, 10, 16–21, 25, and 27–30 as exemplary of the claimed subject matter. Appx1014.

### B.   IPR Proceedings, Final Written Decisions, and Affirmance

In October 2018, Groupon filed two IPR petitions challenging 21 claims of the '660 patent: claims 1, 7, 10, 12, 14, 16–21, 25, 27–30, 67–69, 87, and 101. These claims include those identified by Plaintiff as "exemplary" in its Complaint. Appx1014. Waiting until after these petitions were filed and the statutory deadlines for filing IPR petitions had passed, Kroy then amended its complaint to assert infringement of additional claims 75–76, 88–89, 91–93, 95–97, 100, 103–104, and 107–111. Appx1926. Because this assertion of additional asserted claims occurred

after Groupon's IPR filing deadline, these additional claims (with the exception of claim 87) were not included in the IPR petitions, but many depend from those challenged, and none are patentably distinct from those invalidated.

The petitions argued that the challenged claims were unpatentable over several prior-art references: (1) Kelly (*see* Appx2198–2199); (2) Stanek (*see* Appx2199); (3) Halter (*see* Appx2228); (4) Wong (*see* Appx2238); (5) Chelliah (*see* Appx2272–2274); and (6) Christensen (*see* Appx2303). Kelly, the primary reference relied on in IPR2019-00044, discloses a host system through which a plurality of sponsors offered incentive programs (games) to consumers who received and redeemed related awards. Appx2198. Chelliah, the primary reference relied on in IPR2019-00061, discloses a central electronic mall through which sponsors could establish storefronts offering various incentives to consumers. Appx2272–2273. In April 2019, the Board instituted both IPRs, and after institution the district court case was stayed. Appx2180–2181.

On April 16, 2020, the Board issued Final Written Decisions in both IPRs, determining that all 21 challenged claims were unpatentable. Appx2253; Appx2317. Specifically, in IPR2019–00044 the Board determined that all challenged claims were obvious over Kelly and one or more secondary references (Stanek and Wong). Appx2253. In IPR2019-00061 the Board determined that all challenged claims except for claims 10 and 12 were unpatentable over Chelliah,

due to anticipation by Chelliah or obviousness over Chelliah in combination with Christensen. Appx2317.

Kroy thereafter appealed the PTAB's final written decisions to this Court, which on June 14, 2021, affirmed both decisions under Fed. Cir. R. 36. Appx2323.

### C.    Kroy's Second Amended Complaint and Groupon's Motion to Dismiss

On March 10, 2022, Kroy filed a Second Amended Complaint, limiting its action to 14 claims that had not been included in the IPR proceedings: claims 91–93, 95–97, 100, 103–104, and 107–111. Groupon filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, arguing that Kroy was collaterally estopped from asserting claims 91–93, 95–97, 100, 103–104, and 107–111.

Groupon's motion was supported by a detailed, 24-page memorandum, arguing that collateral estoppel should be applied by the court, because: (1) the identical issue of validity with respect to the scope of the 14 asserted claims had already been determined, where the subject matter of each of the 14 asserted claims was identical to, or not patentably distinct from, the subject matter of one or more claims that had been canceled in the prior IPR proceedings and affirmed on appeal by this Court; (2) the issues were actually litigated; (3) the determination of those issues was essential to the final judgment; and (4) Kroy was represented by counsel and had a full and fair opportunity to litigate the issues. Appx2565–2594.

Kroy responded to the motion with an 8-page memorandum in opposition, arguing that collateral estoppel does not apply because: (1) the asserted claims were not the subject of the earlier IPR proceedings (Appx2691–2694); (2) the Federal Circuit's affirmance under Rule 36 precludes application of collateral estoppel (Appx2694–2695); and (3) the issue of whether the asserted claims are patentably distinct cannot be resolved on a motion to dismiss (Appx2696–2697). Kroy accused Groupon of "essentially attempting a "mix-n'-match" style of patent validity analysis," which it argued was improper under *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). Appx2696. The opposition, however, did not include any substantive argument explaining why any of the asserted claims were patentably distinct from the canceled claims. *See* Appx2695–2697. The court heard oral argument on October 12, 2022. Appx2824–2952.

### D.   The District Court's Decision Granting the Motion to Dismiss

The court issued its ruling granting the motion to dismiss on December 2, 2022. Appx1–35. In its opinion, the court noted that Plaintiff questioned the existence of only two of the four elements collateral estoppel: whether the previous determinations relied upon were necessary to the decision, and whether the identical issue had previously been adjudicated. Appx10–11. That court stated that the parties agreed that remaining elements of collateral estoppel were satisfied. Appx11.

### 1. Evaluation of Whether the Prior Determination Was Essential to the Final Judgment

Kroy asserted that application of collateral estoppel was not appropriate because the IPR decisions were affirmed without opinion under Rule 36. Appx10–11 (n.7). The court properly rejected that argument. As Groupon explained below, "every conceivable ground upon which the Federal Circuit could have premised its affirmance would invalidate the claims that plaintiff [Kroy] is asserting." Appx10–11 (citing Appx2852). The court concluded that Plaintiff could not show how the Federal Circuit's affirmance could have been premised on a ground that would not collaterally estop the assertion of the asserted claims. Appx10 (n.7) (citing *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1356–57 (Fed. Cir. 2017) (noting that a Rule 36 judgment can be utilized for collateral estoppel purposes, so long as there is "no uncertainty as to whether the precise issue was raised and determined [by the Federal Circuit] in the prior suit"); *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 455 (8th Cir. 2016) (noting that even if a state court jury's general verdict meant that the jury's decision of no liability could have been premised on one of two independent grounds, collateral estoppel applied to preclude the instant suit in federal court against the defendant, because either of those grounds led to a determination that the defendant could not be liable in the instant suit)).

6

During oral argument, the court specifically asked Kroy's counsel "to point out an example of how the Rule 36 summary affirmance created the possibility that the Federal Circuit could have affirmed the PTAB's judgment of invalidity as to an Invalidated Claim on a ground that would not collaterally estop [Kroy] from litigating a Newly Asserted Claim." Appx10 (citing Appx2921–2925). Kroy's counsel could not, stating that he was "not aware" of that having occurred. Appx10 (citing Appx2924). On appeal, Kroy has again offered no explanation how this Court's prior Rule 36 affirmance could have been based upon any ground that would not collaterally estoppel assertion of these claims.

### 2.    Evaluation of Whether the Identical Issue Was Previously Adjudicated

The court noted that Kroy devoted "less than one full page of [its] answering brief" to the purported patentable distinctions between the asserted and invalidated claims. Appx13 (n.8). The court further noted Kroy's counsel conceded at oral argument that it had made no effort to make a "claim by claim" evaluation on this issue. The court deemed any differences Kroy "did not identify as material in its briefing" as irrelevant to application of collateral estoppel, and determined Kroy to have "waived any argument to the contrary." Appx13–14 (n.8).  The Court correctly addressed only "the arguments that Plaintiff [Kroy] actually made in its briefing regarding asserted material differences between the Invalidated Claims and the Newly Asserted Claims." Appx13 (n.8).

### a.    Claims 111 and 95 (Appx11–17)

After comparing the text of asserted claim 111 to invalided claim 14, the court concluded they were nearly identical. Likewise, after comparing asserted claim 95 to invalidated claim 87, the court determined they too were nearly identical.  The court observed that Kroy pointed to only "superficial differences in language between the respective claims," and failed to make any "further argument as to why those differences are material to the invalidity inquiry." Appx15–17. [1]

The court observed that the PTAB had found claim 14 invalid as: (1) anticipated by Chelliah; (2) obvious over Chelliah and Christiansen; (3) obvious over Kelly and Stanek; and (4) obvious over Kelly and Wong. Appx11–12. The court noted that the Board similarly determined that claim 87 was invalid as: (1) anticipated by Chelliah; (2) obvious over Chelliah and Christiansen; (3) obvious over Kelly and Stanek; and (4) obvious over Kelly and Wong. Appx12–13.

### b.    Claim 100 (Appx17–22)

For claim 100, the court compared the text of that method claim to invalidated claim 16, and claims 17 and 29 which each depend from claim 16.  The

---

[1]  The sole difference identified by Kroy between claims 111 and 14 was that canceled claim 14 more narrowly required receiving a request to validate the award "from a sponsor among the plurality of sponsors associated with the selected incentive program." Appx15. The sole difference identified by Kroy between claims 95 and 87 was that canceled claim 87 more narrowly required a host computer having a server. Appx16.

court noted that the Board determined that claim 16, and its dependent claims 17 and 29, were found invalid as: (1) anticipated by Chelliah; (2) obvious over Chelliah and Christiansen; and (3) obvious over Kelly and Stanek. Appx17–20.

Groupon argued that in invalidating dependent claims 17 and 29, the Board necessarily found that Chelliah, as well as a system combining Kelly and Stanek, disclosed host systems such as those claimed in asserted claim 100. Appx20. The court rejected Kroy's assertions that Group was improperly "mixing and matching" claim elements, noting that Kroy failed to offer any explanation why wording differences between claim 100 and invalidated claims 16, 17, and 29 would be material to the court's analysis of invalidity. The court therefore concluded that Kroy was collaterally estopped from asserting claim 100. Appx21–22.

### c.    Claims 103, 104 and 107–110 (Appx22–28)

Kroy did not dispute that claims 103 and 107 are essentially identical and that claim 107 is "representative." Appx22 at n.12. The court noted claim 107 recites a method of use of a system that is nearly identical to the system recited in invalidated claim 1, which the Board had determined was obvious over Kelly and Stanek. Appx22–24. While claim 107 added an "electronic card" (*i.e.* "issuing an electronic card to the consumer, the electronic card storing information of the consumer for accessing the promotion of the sponsor offered to the consumer"), the court observed that the Board had found that the same combination of prior art

references that invalidated claim 1 also was found to invalidate claim 12, which recited "providing an electronic card for fulfillment of an award, having memory for storing information associated with the consumer, wherein the information may be a personal identification number or information associated with the consumer's participation in an incentive program." Appx24–27.

The court noted that "Plaintiff [Kroy] again said very little in its briefing" concerning the Board's conclusions the combination of these prior art references rendered invalid claims having the scope of claim 107. Appx25. At oral argument, the court noted that Kroy refused to answer questions concerning how differences in recitations of the "electronic card" were material to patentability. Kroy's counsel acknowledged he had not yet assessed the prior art, and that he was not "prepared to" identify any patentably distinct subject matter, and admitted that his arguments were wholly "conclusory." Appx26. The court concluded that Kroy was collaterally estopped from asserting claims 107 and 103, finding that the Board had earlier determined that the prior art taught an electronic card for "storing information of a consumer" in reaching its conclusion that claim 12 was invalid. Appx26–27 (determining that Kelly in combination with Stanek taught systems having the elements of claims 1 and 12).

The court observed that claims 104 and 108–110, which depend from claims 103 and 107, were patentably indistinct from the combination deemed to invalidate

claims 103 and 107. Appx27–28 (observing that the Board found Kelly "disclosed use of an electronic card for each of these purposes [*i.e.* purposes recited in dependent claims 104 and 108–110].").[2] The court again further concluded that Kroy had waived any argument to the contrary, having provided no such specific argument in its briefing or at oral argument. Appx28.

### d.     Claim 91 (Appx28–31)

Claim 91 duplicates the elements of invalidated claims 7 and 87. The court noted that the Board determined that claims 7 and 87 were invalid as: (1) anticipated by Chelliah; (2) obvious over Chelliah and Christiansen; (3) obvious over Kelly and Stanek; and (4) obvious over Kelly and Wong. Appx28–31. The court correctly concluded that the Board's finding that Chelliah disclosed a method that anticipated both claims 7 and 87, necessarily meant that Chelliah anticipates claim 91, presenting the same steps found in claims 7 and 87. Similarly, because combinations of Chelliah/Christensen, Kelly/Stanek, and Kelly/Wong all were deemed to disclose a method involving the steps of claims 7 and 87, the court determined that these combinations necessarily also rendered claim 91 obvious.

---

[2] These claims variously recited an electronic card "validating participation of the consumer in the promotion" or "validating the award" or "indicat[ing] participation of the consumer in the promotion."

Again, the court noted Kroy refused to specify any element of claim 91 not found in Chelliah or the combinations of Chelliah/Christensen, Kelly/Stanek, and Kelly/Wong. Appx30–31.

### e.    Claims 92–93 and 96–97 (Appx31–34)

Claims 96 and 97 depend from claim 95. Claim 95 recites, among other things, searching promotions. Appx31. Claim 96 recites searching for the promotions "using a name of the sponsor," while claim 97 recites searching by "type of promotion."

The court had determined that the Board's decision invalidating claim 87 collaterally estopped Kroy from asserting claim 95. *See* Section III.D.2.a above. In invalidating claim 87, the Board found that Chelliah anticipated that claim by disclosing the search of promotions by "supplier," and that the combination of Chelliah/Christensen disclosed searching promotions by brand name. Accordingly, the court concluded that the Board's determinations collaterally estopped Kroy form asserting claim 96 which also recited searching "by name." Appx31–32.

In invalidating claim 87, the Board had found that Kelley's combinations disclosed searching promotions by "type." Specifically, the Board found that Kelly disclosed searching promotions by "game categories." Appx32–33.

Again, as the court noted, Kroy did not respond to these arguments at all in its briefing or at oral argument. In light of Groupon's arguments, the court

determined that neither claim 96 nor claim 97 recited patentably distinct inventions, and determined that collateral estoppel applied. Appx33.

Claims 92 and 93 depend from claim 91. As discussed in Section III.D.2.d above, the court had concluded the Board's decisions invalidating claims 7 and 87 collaterally estopped Kroy from asserting this patentably indistinct claim. Similar to claims 96 and 97, claims 92 and 93 recite searching by sponsor "name" and program "type."  For the reasons discussed in connection with claims 96 and 97, the court concluded that the Board's decision collaterally estopped Kroy from asserting these patentably indistinct claims. Again, the court noted that Plaintiff made no attempt to articulate any material differences between claims 92 and 93 and the prior art that rendered claim 91 invalid. Appx33–34.

## IV.    SUMMARY OF THE ARGUMENT

The district court correctly relied on final written decisions of the PTAB (canceling all 21 challenged claims of Kroy's '660 patent), affirmed by the Federal Circuit, for their collateral estoppel effect with respect to Kroy's complaint asserting similar claims of the same patent. The court correctly determined that there were no material differences between the asserted claims and the previously-invalidated claims, and therefore dismissed Kroy's complaint based on collateral estoppel. The court addressed all arguments raised by Kroy concerning differences between the claims and correctly determined that those differences were not

material to their validity. Kroy waived any additional arguments concerning differences between the claims by not raising them before the district court.

## V.    ARGUMENT

### A.    Standard of Review

The Court applies "regional circuit law when reviewing a district court's dismissal for failure to state a claim under rule 12(b)(6)." *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1345–46 (Fed. Cir. 2021). "The Third Circuit reviews such dismissals de novo, accepting as true all factual allegations in the complaint and viewing those facts in the light most favorable to the non-moving party." *Id.* at 1346. Likewise, this Court reviews de novo a district court's application of collateral estoppel (also known as issue preclusion). *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1376 (Fed. Cir. 1999).

### B.    Legal Standard

#### 1.    Dismissal Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In evaluating a motion to dismiss, courts accept "all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court then considers "whether the facts alleged in the

complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft*, 556 U.S. at 679).

Pursuant to Rule 12(b)(6), courts may dismiss a claim in light of an affirmative defense, such as collateral estoppel, if "the well-pleaded factual allegations in the complaint, construed in the light most favorable to the plaintiff, clearly suffice to establish the defense." *Wilson Wolf Mfg. Corp. v. Sarepta Therapeutics, Inc.*, No. 19-2316-RGA, 2020 WL 7771039, at *2 n.1 (D. Del. Dec. 30, 2020), *report and recommendation adopted*, No. 19-2316-RGA, 2021 WL 7412302 (D. Del. Feb. 2, 2021); *accord Jean Alexander Cosmetics, Inc. v. L'Oreal USA*, 458 F.3d 244, 255 (3rd Cir. 2006) (affirming dismissal under Rule 12(b)(6) based on collateral estoppel).

### 2.    Collateral Estoppel

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). Regional circuit law applies to general collateral estoppel principles while Federal Circuit law applies to issues unique to patent cases. S*ee Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013).

Under both Third Circuit and Federal Circuit law, collateral estoppel applies where: (1) the issue sought to be precluded is the same as that involved in a prior

action; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Jean Alexander Cosmetics, Inc.*, 458 F.3d at 249 (applying Third Circuit law); *accord Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015).

The Board's final judgment in an IPR gives rise to collateral estoppel in a district court action. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) ("[A]n affirmance of an invalidity finding, whether from the district court or the Board, has a collateral estoppel effect on all pending or co-pending actions."); *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376 (Fed. Cir. 2018) (applying collateral estoppel based on Board decision, stating that "[i]t is well established that collateral estoppel, also known as issue preclusion, applies"); *Think Prod., Inc. v. ACCO Brands Corp.*, 419 F. Supp. 3d 1078, 1084 (N.D. Ill. 2019) (applying collateral estoppel in district court action asserting claims not materially different from claims canceled by the Board in IPR proceedings), *aff'd*, 854 F. App'x 374 (Fed. Cir. 2021); *Papst Licensing GmbH & Co. v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1250–51 (Fed. Cir. 2019) (applying collateral estoppel based on IPR final decision) (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015)).

16

It is the identity of *issues* that determines whether collateral estoppel applies, not the identity of *claims*. Patent claims addressed by the Board need not be identical to non-adjudicated claims for collateral estoppel to apply. Collateral estoppel applies if the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity:

> [P]recedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply. … *If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.*

*Ohio Willow Wood Co.*, 735 F.3d at 1342 (emphasis added) (citations omitted); *accord Soverain Software LLC*, 778 F.3d at 1319 ("Complete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion."); *Think Prod., Inc.*, 419 F. Supp. 3d at 1084 (applying collateral estoppel in district court action asserting claims not materially different from claims canceled by the Board in IPR proceedings, stating that "the obviousness issue raised here is the same as the one litigated in the PTAB proceedings"); *M2M Solutions LLC v. Sierra Wireless America, Inc.*, No. 14-cv-01102-RGA, 2021 U.S. Dist. LEXIS 62238, at *9–12 (D. Del. Mar. 31, 2021) (applying collateral estoppel, granting summary judgment of invalidity of claims "not materially different from" those invalidated by PTAB); *Intellectual Ventures I, LLC v. Lenovo Group Ltd.*, 370 F. Supp. 3d

251, 257 (D. Mass. 2019) (applying collateral estoppel based on PTAB decision invalidating similar claim, stating that "PTAB decisions have a collateral-estoppel effect in district court on unadjudicated claims that do not 'materially alter the question of invalidity'").

### C.     The District Court Correctly Relied on the Affirmed Board Judgments for Their Collateral Estoppel Effect

Kroy incorrectly states that this appeal presents "a case of first impression." Blue Br. at 26. Decisions of both this Court and the Supreme Court have long established that final determinations of agencies such as the PTAB have preclusive effect on district court proceedings, notwithstanding that the court may apply a higher burden of proof.

In *B & B Hardware v. Hargis Industries, Inc.*, 575 U.S. 138 (2015), the Supreme Court held that in a trademark infringement action the district court may apply collateral estoppel on the issue of likelihood of confusion of two trademarks, based on a prior decision of the Trademark Trial and Appeal Board (TTAB). The Supreme Court noted that there are procedural differences between a TTAB proceeding addressing registration of a mark and a trademark infringement action in district court and that the court applies "similar, but not identical, factors" to access likelihood of confusion of the marks. *B & B Hardware*, 575 U.S. at 154. The Court concluded that TTAB decisions may be given collateral estoppel effect, "when the usages adjudicated by the TTAB are materially the same as those before

the district court," and reversed an Eight Circuit decision that collateral estoppel cannot be applied. *Id*. at 160.

In the context of a PTAB determination of invalidity, the Federal Circuit has determined that "an affirmance of an invalidity finding, whether from the district court or the Board, has a collateral estoppel effect on all pending or co-pending actions" involving the patent. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). Accordingly, in *XY, LLC* the Court applied collateral estoppel on the issue of invalidity, rejecting a dissenting opinion's position that collateral estoppel should not apply in that situation because of the differing burdens of proof. *Id*. at 1294–95.

Nor is Kroy correct that this Court has not previously extended collateral estoppel, where it applies, to patent claims that are not identical to those previously found invalid. "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity," a patent owner is collaterally estopped from advancing the unadjudicated claims. *Ohio Willow Wood Co.*, 735 F.3d at 1342. The district court applied that precedent, as it was required to do, and it correctly determined that the asserted claims of the '660 patent were not materially different from the previously invalidated claims, thus applied collateral estoppel to dismiss the case.

Kroy misleadingly argues that *XY, LLC* and *Ohio Willow Wood Co.* represent "two lines of caselaw," suggesting that those cases are somehow in conflict, or that the district court was only permitted to rely on one precedential decision in support of its decision to dismiss the case. In fact, these purported "two lines of caselaw" have been repeatedly applied as one in individual district court cases affirmed by this Court.

For example, in *Think Prod., Inc.*, 419 F. Supp. 3d 1078, the district court applied collateral estoppel, relying on earlier Board IPR decisions invalidating claims of the related patents which had been affirmed by the Federal Circuit. The district court determined that the claims asserted in a later infringement action were not materially different from the invalidated claims, and that collateral estoppel precluded the plaintiff from enforcing those claims. *Think Prod., Inc.*, 419 F. Supp. 3d at 1086 (stating that "the new language in the [asserted] patent's claims does not render those claims materially different from the invalidated [] patent's claims," and determining that application of "collateral estoppel [was] appropriate"). On appeal, the Federal Circuit affirmed the court's decision without opinion, under Rule 36, apparently because the Court viewed that decision as a routine application of existing law, not "a case of first impression." *Think Prod., Inc. v. ACCO Brands Corp.*, 854 F. App'x 374 (Fed. Cir. 2021); *see also M2M Solutions LLC*, No. 14-cv-01102-RGA, 2021 U.S. Dist. LEXIS 62238, at *9–12

(applying collateral estoppel); *Intellectual Ventures I, LLC v. Lenovo Group Ltd.*, 370 F. Supp. at 257 (same).

### D.    The District Court Correctly Determined that the Asserted Claims Were Not Materially Different from the Invalidated Claims

The district court correctly determined that elements of collateral estoppel was satisfied, and in particular that the issue sought to be precluded is the same as that involved in the prior action. In view of the affirmed Board decisions invalidating claims 1, 7, 10, 12, 14, 16–21, 25, 27–30, 67–69, 87, and 101 of the '660 patent, the court determined that the newly asserted claims (*i.e.* 91–93, 95–97, 100, 103–104, and 107–111) of that patent were invalid because "the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity." Appx9 (quoting *Ohio Willow Wood Co.*, 735 F.3d at 1342); *accord Soverain Software LLC*, 778 F.3d at 1319.

In analyzing whether there were any material differences, the court carefully compared the claim language of each of claims 91–93, 95–97, 100, 103–104, and 107–111 to the language and scope of the adjudicated claim (or combination of claims) that appeared to be most similar, and examined the Board's findings concerning the content of each of the prior art combinations that the Board determined disclosed each of these elements to render these claims invalid. When this Court affirmed the invalidity of these claims, it necessarily affirmed the

Board's findings necessary to that judgment, namely those relating to the disclosures of the prior-art references and the motivation to combine those references. The district court here correctly concluded that the asserted claims were all not materially different from the adjudicated claims and the prior art combinations that led to their invalidity.

Kroy's opening brief largely agrees. In fact, the only purported "difference" Kroy cites between the asserted claims and those found invalid is the recitation of an "electronic card" found in a subset of these claims (*i.e.* claims 103–104 and 107–110). Blue Br. at 33–35. Claim 107, which Kroy agreed was "representative," recites, among other things:

> *issuing an electronic card* to the consumer, the electronic card storing information of the consumer for accessing the promotion of the sponsor offered to the consumer[.]

Appx23–24 (emphasis added).

The court also observed that while otherwise identical invalidated claim 1 lacked additional mention of an electronic card, invalidated claim 12 recited such an "electronic card," specifically:

> *providing an electronic card* for fulfillment of an award, having memory for storing information associated with the consumer, wherein the information may be a personal identification number or information associated with the consumer's participation in an incentive program[.]

Appx24–25 (emphasis added). The Board had determined that Kelley, in the combination of Kelly and Stanek, discloses that limitation, and on that basis invalidated both claim 1 and claim 12 as obvious over that combination. The addition of the "electronic card" limitation to claim 107 was not material to the invalidity analysis, because the Board had determined that both of claims 1 and 12 were invalid for obviousness over same combination, Kelly and Stanek. Appx26–27 ("Therefore, in light of the PTAB's finding that claims 1 and 12 were invalid as obvious in light of Kelly and Stanek, Plaintiff is collaterally estopped from asserting claims 103 and 107, since no additional elements in those claims would materially alter the question of invalidity."). The court likewise determined that claims 104 and 108–110, which depend from claims 103 and 104 are not materially different. Appx27–28.

Moreover, Kroy should not be permitted to now assert error by the district court where it "said very little in its briefing" on this issue below. Appx25 (court complaining that Kroy had failed to offer anything beyond conclusory arguments (citing Appx2696)). At oral argument, in response to questioning from the court as to why any claim differences were material, Kroy's counsel conceded that Kroy "didn't make the argument," and that he "was not prepared to" make an argument relating to the disclosures of the prior art at that stage of the case. Appx26 (citing Appx2910–2914). Kroy cannot assign error to the district court where it failed to

present that court with any arguments that claims 103–104 and 107–110 are

materially different from invalidated claims 1 and 12 or the prior art combination

that was relied upon to invalid them both. *See Nelson v. Adams USA, Inc.*, 529 U.S.

460, 469 (2000) ("It is indeed the general rule that issues must be raised in lower

courts in order to be preserved as potential grounds of decision in higher courts.");

*XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1293 (Fed. Cir. 2018) (If a party

"did not present this argument to the district court, we decline to consider it in the

first instance on appeal.").

On appeal, Kroy argues for the first time that the court erred in concluding

that the minor differences in wording with respect to the recited "electronic card"

was not material to patentability, because the patent's specification states that the

"electronic card" is a "key component" of the invention:

> *Thus, the '660 patent describes its electronic card as a
> "key component"* of the invention and operates by
> storing consumer information "for accessing the
> promotion of the sponsor offered to the consumer." *The
> above differences* between the electronic card of Newly
> Asserted Claim 107 and that of Invalidated Claim 12 *are,
> therefore, "material."*

Blue Br. at 34 (emphasis added). The fact that the specification refers to the

"electronic card" as a "key component" does not indicate that minor differences in

claim language relating to the "electronic card" are material. Moreover, even

Kroy's criticality premise is undermined by the fact that only a few of the '660

Patent's 115 claims recite an "electronic card." Appx102–109. As the court more than adequately explained in its analysis, the difference in claim language between claims 107 and 12 is not material because such differences would not have affected the invalidity analysis. *See Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("If the differences between the unadjudicated patent claims and adjudicated patent claims do not alter the question of validity collateral estoppel applies."); *Intellectual Ventures I, LLC v. Lenovo Group Ltd.*, 370 F. Supp. 3d 251, 257 (D. Mass. 2019) (found claims materially identical because the invalidity analysis was not affected).

Contrary to Kroy's remaining argument, the district court did not "construct a hypothetical claim" in making its comparisons. Blue Br. at 35. The court simply evaluated the Board's finding concerning the teaching of the prior art combinations the Board concluded disclosed each of the invalidated claims, and assessed whether those same findings would apply equally to the asserted claims at issue. The court correctly concluded that the actual asserted claims at issue were not materially different from the previously-invalidated claims for purposes of invalidity analysis; the court did not evaluate "hypothetical" claims as argued by Kroy.

### E.    The District Court Correctly Determined that the Prior Determination Was Essential to the Judgment

The district court correctly determined that collateral estoppel properly applied because the Board's previous determinations were necessary to its decision. Specifically, the court determined that the district court properly relied on the affirmed Board decisions as a basis for applying collateral estoppel. Kroy argues that decisions affirmed under Rule 36 are not a proper basis for the application of collateral estoppel, citing *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1356 (Fed. Cir. 2017). Blue Br. at 38–39. But in *Phil-Insul Corp.*, the Court clearly stated that a Rule 36 affirmance *may serve* as a proper basis for the application of collateral estoppel, and the Court affirmed the district court's judgment, on the basis that the plaintiff's "claims are barred by collateral estoppel." *See id.* at 1354 ("[Appellant's] primary argument on appeal is that a Rule 36 judgment can never serve as a basis for collateral estoppel. *We disagree*.") (emphasis added); *see also Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 750 (Fed. Cir. 2012) (stating that a Rule 36 disposition can be used "in support of a claim of claim preclusion, issue preclusion, judicial estoppel, law of the case, and the like.").

The court correctly determined that relying on the Rule 36 affirmance for collateral estoppel purposes was appropriate because Kroy "cannot show how the affirmance could have been premised on a ground that would not collaterally estop

the assertion of any Newly Asserted Claim." Appx10–11 (n.7). At oral argument the court asked Kroy's "counsel to point out an example of how the Rule 36 summary affirmance created the possibility that the Federal Circuit could have affirmed the PTAB's judgment of invalidity as to an Invalidated Claim on a ground that would not collaterally estop Plaintiff from litigating a Newly Asserted Claims." Appx10 (n.7) (citing Appx2921–2925). In response, Kroy's "counsel acknowledged that he could not do so, and stated that he was 'not aware' of this having occurred here." Appx10 (n.7) (citing Appx2924). Accordingly, Kroy has forfeited any argument that reliance on the Rule 36 affirmance for collateral estoppel is not appropriate, by failing to make any such argument before the district court. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000) ("It is indeed the general rule that issues must be raised in lower courts in order to be preserved as potential grounds of decision in higher courts."); *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1293 (Fed. Cir. 2018) (If a party "did not present this argument to the district court, we decline to consider it in the first instance on appeal.").

## VI.    CONCLUSION

For the foregoing reasons, the court's decision dismissing the case should be affirmed.

Respectfully Submitted,

Dated: October 19, 2023

/s/ *Thomas L. Duston*

Thomas L. Duston
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
tduston@marshallip.com
rricordati@marshallip.com
cmurray@marshallip.com

*Counsel for Defendant-Appellee*
*Groupon, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-1359

**Short Case Caption:** Kroy IP Holdings, LLC v. Groupon, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 6324 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 10/19/2023

Signature: /s/ Thomas L. Duston

Name: Thomas L. Duston