No. 2023-1359

# United States Court of Appeals
# for the Federal Circuit

———————————

KROY IP HOLDINGS, LLC,

*Plaintiff-Appellant,*

v.

GROUPON, INC.,

*Defendant-Appellee.*

———————————

On Appeal from the United States District Court for the District of
Delaware, No. 1:17-cv-01405, Judge Maryellen Noreika

---

## REPLY BRIEF
## OF PLAINTIFF-APPELLANT KROY IP HOLDINGS, LLC

---

Timothy Devlin
tdevlin@devlinlawfirm.com
(302) 449-9010
Paul Richter, Jr.
prichter@devlinlawfirm.com
(917) 254-5133
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806

*Attorneys for Plaintiff-Appellant
Kroy IP Holdings, LLC*

November 17, 2023

Claims 91-93, 95-97, 100, 103-104, and 107-111 of United States Patent No. 6,061,660 (the "'660 patent") read:

91. A method for generating an incentive program, comprising:
    providing a computer,
    providing an incentive program builder application of such computer,
    providing a database of objects associated with parameters of an incentive program,
    providing an interface of the incentive program builder application for user entry of parameters for an incentive program,
    associating an object with each parameter entered by the user,
    generating an incentive program comprising the objects associated with all of the parameters entered by the user,
    wherein the computer is a host computer provided by a host through which a sponsor offers the incentive program to a consumer,
    wherein the host, the sponsor; and the consumer are different entities, and
    wherein the host and the sponsor are different individuals or corporate entities,
    wherein the incentive program is a promotion of the sponsor offered to the consumer and facilitated by the host,
    receiving consumer interaction through a website of the host to participate in the incentive program
    wherein the receiving comprises:
    receiving a consumer request to search for promotions from among a plurality of promotions offered to the consumer by a plurality of sponsors.

92. The method of claim 91, wherein the receiving a consumer request comprises:
    receiving a request to search for the promotions using a name of the sponsor from among the plurality of sponsors.

93. The method of claim 91, wherein the receiving a consumer request comprises:
    receiving a request to search for the promotions using a type of promotion from among the plurality of promotions.

95. A method of incentive program generation, comprising:
    providing a host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network,

providing an incentive program builder application, running on the host computer, builder application,

providing a database of objects associated with parameters of said incentive program builder application,

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program,

wherein the sponsor builds an incentive program by interacting with the incentive program builder application,

wherein the host computer is provided by a host, the host computer configured to allow the sponsor to offer the incentive program to a consumer,

wherein the host, the sponsor; and the consumer are different entities, and

wherein the host and the sponsor are different individuals or corporate entities,

wherein the incentive program is a promotion of the sponsor offered to the consumer and facilitated by the host, and

receiving consumer interaction through a website of the host to participate in the incentive program,

wherein the receiving comprises:

receiving a consumer request to search for promotions from among a plurality of promotions offered to the consumer by a plurality of sponsors.

96. The method of claim 95, wherein the receiving a consumer request comprises:

receiving a request to search for the promotions using a name of the sponsor from among the plurality of sponsors.

97. The method of claim 95, wherein the receiving a consumer request comprises:

receiving a request to search for the promotions using a type of promotion from among the plurality of promotions.

100. A method of incentive program generation and redemption, comprising:

providing a host computer, said host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network,

providing an incentive program builder application, running on the host computer,

providing a database of objects associated with parameters of said incentive program builder application,

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program offered to a customer; wherein the sponsor builds an incentive program by interacting with the interface of the incentive program builder application;

issuing an award to the consumer in accordance with the incentive program, wherein the incentive program is a promotion of the sponsor to the consumer facilitated by the host;

receiving, from the sponsor, a request to validate the award, wherein the award is received by the sponsor from the consumer;

validating the award using the database,

wherein the host, the sponsor; and the consumer are different individuals or corporate entities,

wherein the host computer is provided by a host through which the sponsor offers the incentive program to a consumer,

wherein the host computer hosts a website of the host through which the sponsor builds the incentive program; and

providing an interface of a website of the host, wherein the consumer interacts with the interface to participate in the incentive program,

wherein the website of the host provides to the consumer incentive programs of a plurality of sponsors.

103. A method of incentive program generation, comprising:

providing a host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer;

providing a database of objects associated with parameters of said incentive program builder application; and

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program,

wherein the sponsor builds an incentive program by interacting with the incentive program builder application,

wherein the host computer is provided by a host, the host computer configured to allow the sponsor to offer the incentive program to a consumer,

wherein the host, the sponsor; and the consumer are different entities,

wherein the host and the sponsor are different individuals or corporate entities,

wherein the incentive program is a promotion of the sponsor offered to the consumer and facilitated by the host; and

issuing an electronic card to the consumer, the electronic card storing information of the consumer for accessing the promotion of the sponsor offered to the consumer.

104. The method of claim 103, further comprising validating participation of the consumer in the promotion using the electronic card.

107. A method of incentive program generation and redemption, comprising:

providing a host computer, said host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

providing an incentive program builder application, running on the host computer;

providing a database of objects associated with parameters of said incentive program builder application;

providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program offered to a customer, wherein the sponsor builds an incentive program by interacting with the interface of the incentive program builder application;

issuing an award to the consumer in accordance with the incentive program, wherein the incentive program is a promotion of the sponsor to the consumer facilitated by the host;

receiving, from the sponsor, a request to validate the award, wherein the award is received by the sponsor from the consumer;

validating the award using the database,

wherein the host, the sponsor, and the consumer are different individuals or corporate entities; and

issuing an electronic card to the consumer, the electronic card storing information of the consumer for accessing the promotion of the sponsor offered to the consumer.

108. The method of claim 107 further comprising validating participation of the consumer in the promotion using the electronic card.

109. The method of claim 107, wherein the validating comprises validating the award using the database and the electronic card.

110. The method of claim 107, wherein the electronic card indicates participation of the consumer in the promotion.

111. A method of incentive program generation, comprising:

   providing a host computer connected to a network for hosting a sponsor having a sponsor computer connected to the network;

   providing an incentive program builder application, running on the host computer;

   providing a database of objects associated with parameters of said incentive program builder application;

   providing an interface of the incentive program builder application for sponsor entry of parameters for an incentive program, wherein the sponsor builds an incentive program by interacting with the incentive program builder application;

   receiving first input from a plurality of sponsors corresponding to the parameters for creating a plurality of incentive programs associated with the plurality of sponsors via the interface of the incentive program builder application from a plurality of sponsors;

   receiving second input from a consumer selecting an incentive program from among the plurality of incentive programs;

   issuing an award to the consumer corresponding to the Selected incentive program;

   receiving a request to validate the award; and

   validating the award.

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2023-1359 |
| **Short Case Caption** | Kroy IP Holdings, LLC v. Groupon, Inc. |
| **Filing Party/Entity** | Appellant: Kroy IP Holdings, LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/17/2023

Signature: /s/ Timothy Devlin

Name: Timothy Devlin

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Kroy IP Holdings, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

ii

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable                ☑   Additional pages attached

| | | |
|---|---|---|
| David Ellis Moore<br>Potter Anderson & Corroon, LLP | Andrew L. Brown<br>Potter Anderson & Corroon LLP | Bindu A. Palapura<br>Potter Anderson & Corroon, LLP |
| Stephanie E. O'Byrne<br>Potter Anderson & Corroon LLP | Brandon Harper<br>Potter Anderson & Corroon  LLP | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐  No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable                ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**4. Legal Representations** (*continued*):

Kasowitz Benson Torres LLP
Jonathan K. Waldrop

Kasowitz Benson Torres LLP
Darcy L. Jones

Kasowitz Benson Torres LLP
Marcus A. Barber

Kasowitz Benson Torres LLP
John W. Downing

Kasowitz Benson Torres LLP
Heather S. Kim

Kasowitz Benson Torres LLP
Jack Shaw

Kasowitz Benson Torres LLP
Hershy Stern

Kasowitz Benson Torres LLP
Rodney R. Miller

David L. Hecht
Hecht Partners LLP

Conor B. McDonough, Ph.D
Hecht Partners LLP

James Zak
Hecht Partners LLP

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................ i

TABLE OF AUTHORITIES ................................................................ vi

INTRODUCTION ................................................................ 1

ARGUMENT ................................................................ 3

I.   Collateral Estoppel Does Not Apply When The Burden Of Proof Is Heavier In The Second Litigation ................................................................ 3

II.   Even if Collateral Estoppel Could Apply, It Should Not Have Applied To Newly Asserted Claims 91-93, 103, 104, and 107-110 Because They Do Not Match Any Claim Invalidated In The IPRs ................................................................ 10

III.   Collateral Estoppel Was Not Appropriate To Apply At The Pleadings Stage Here In Response To A Motion To Dismiss Under Rule 12(b)(6) ............ 14

CONCLUSION ................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*B&B Hardware, Inc. v. Hargis Induss.*,
    135 S. Ct. 1293 (2015) .................................................................... *passim*

*Blonder-Tongue Labs., Inc.v. Univ. of Ill. Found.*,
    402 U.S. 313 (1971) ...........................................................................4

*Graham v. IRS (In re Graham)*,
    973 F.2d 1089 (3d Cir. 1992) ...........................................................4

*Grogan v. Garner*
    498 U.S. 279 (1991)...........................................................................4

*Grogan v. Garner*,
    498 U.S. 279, 111 S. Ct. 654 (1991).................................................6

*In re Braen*,
    900 F.2d 621 (3d Cir. 1990) ............................................................3

*In re Papst Licensing GmbH & Co. KG Patent Litig.*,
    320 F.Supp.3d 132 (D.D.C. 2018)...................................................7

*Jean Alexander Cosmetics, Inc., v. L'Oreal USA, Inc.*,
    458 F.3d 244 (3d Cir. 2006) ...................................................... 3, 12

*Microsoft Corp. v. i4i Ltd. P'ship*,
    564 U.S. 91 (2011)............................................................................5

*O'Shea v. Amoco Oil Co.*,
    886 F.2d 584 (3d Cir. 1989) ..........................................................4, 6

*Ohio Willow Wood Co. v. Alps South, LLC*,
    735 F.3d 1333 (Fed. Cir. 2013) .......................................................8

*Phil-Insul Corp. v. Airlite Plastics Co.*,
    854 F.3d 1344 (Fed. Cir. 2017) ................................................ 13, 14

*Sanofi-Aventis U.S., LLC v. Mylan GmbH*,
    2019 U.S. Dist. LEXIS 170790 (D.N.J. Oct. 2, 2019) .....................9

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt.*, LLC,
    778 F.3d 1311 (Fed. Cir. 2015) .......................................................3

**Page(s)**

*Stragent, LLC v. BMW of N. Am., LLC*,
  2021 WL 1147468 (D. Del. March 25, 2021) ......................................................15

*Think Prod., Inc. v. ACCO Brands Corp.*,
  419 F. Supp. 3d 1078 (N.D. Ill. 2019)...................................................................8

*United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*,
  778 F.3d 1327 (Fed. Cir. 2015) ..................................................................... 13, 14

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018) ............................................................................7

## Statutes

35 U.S.C. § 282 .......................................................................................................5

35 U.S.C. § 316 .......................................................................................................5

35 U.S.C. § 318 .......................................................................................................7

37 C.F.R. § 42.1 ......................................................................................................5

## Other Authorities

Restatement (Second) of Judgments § 27 ......................................................... 6, 13

Restatement (Second) of Judgments § 28....................................................... 4, 6, 9

## Rules

Fed. R. Civ. P. 12 ............................................................................................. 2, 14

**INTRODUCTION**

Groupon's response misses the mark as to each of the arguments set forth in Kroy's opening brief.

First, Groupon cannot point to any precedent addressing the exact circumstances of this case. There is precedent of this Court holding that collateral estoppel applies to claims in litigation where the *same* claim is invalidated in a final decision by the PTAB in an IPR. There is also precedent of this Court teaching that collateral estoppel can reach claims in a district court case that are not materially different from claims invalidated *by another district court*. These are the two lines of authority cited by the district court. However, Groupon could not point to any precedent from this Court addressing the situation here. That is, where claims invalidated by the PTAB in IPRs under the lesser preponderance of the evidence standard are used to collaterally estop claims from the same patent in litigation subject to the higher "clear and convincing evidence" standard for invalidity, when those litigation claims were not subject to the IPRs and are not the same as the invalidated claims in the IPRs. This Court should hold that collateral estoppel does not apply here, where the standards of proof are different and the claims in the litigation and the IPRs were not the same.

Moreover, even if the district court's test were correct and collateral estoppel could apply here, Groupon's brief does nothing to overcome Kroy's

compelling demonstration in its opening brief that it still should not apply to Newly Asserted Claims 91-93, 103-104 and 107-110.  The district court was unable to find a single claim among the Invalidated Claims to compare to any of these Newly Asserted Claims.  Instead, it constructed hypothetical claims for that comparison, concluded that the PTAB would have invalidated those hypothetical claims, and then found that the invalidation of the hypothetical claims was a basis for collaterally estopping the above Newly Asserted Claims.  Under such a test, Kroy cannot possibly have had the opportunity to actually have litigated the invalidity issues as to hypothetical claims, which is a fundamental principle of collateral estoppel.  Groupon's brief does not demonstrate otherwise, and the district court's December 2 decision should be reversed at least as to collateral estoppel of Newly Asserted Claims 91-93, 103-104 and 107-110, and its dismissal of the Second Amended Complaint as to those claims should be reversed as well.

Finally, Groupon's brief did not overcome Kroy's arguments that the district court erred in concluding that it was proper to require Kroy to address such estoppel allegations at the pleading stage of the case in response to a motion under Fed. R. Civ. P. 12(b)(6).  At the very least, such allegations should have been decided on summary judgment.

## ARGUMENT

**I.    Collateral Estoppel Does Not Apply When The Burden Of Proof Is Heavier In The Second Litigation**

When analyzing questions of collateral estoppel in a patent case, a district court must apply regional circuit law to the general procedural question of whether collateral estoppel applies, while applying this Court's law to questions "involving substantive issues of patent law, issues of [collateral estoppel] that implicate substantive patent law issues, or issues of [collateral estoppel] that implicate the scope of [this Court's] own previous decisions. *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt.*, LLC, 778 F.3d 1311, 1314 (Fed. Cir. 2015).

The Third Circuit requires a showing of these four elements in order to invoke collateral estoppel: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc., v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).  Furthermore, each of these elements are subject to many longstanding exceptions, including that the issues are not identical when the movant carries a significantly higher burden in the subsequent action than it did in the first (see, e.g., *In re Braen*, 900 F.2d 621, 624 (3d Cir. 1990), abrogated on other grounds by, *Graham v. IRS (In re Graham)*, 973 F.2d 1089, 1099–1101 (3d Cir. 1992)) and that the issues are not "actually litigated" in a prior

3

action when a party is denied a full and fair opportunity to do so (see, e.g.,

*Blonder-Tongue Labs., Inc.v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971)).

The Supreme Court has adopted this standard in *Grogan v. Garner*, holding

that "the prior judgment could not be given collateral estoppel effect" where the

initial action was governed by the "preponderance standard" and the subsequent

action requires a showing of "clear and convincing" evidence.  498 U.S. 279, 284-

285 (1991) (citing Restatement (Second) of Judgments § 28(4)).  Furthermore, the

Supreme Court referencing the Restatement (Second) of Judgments here

demonstrates that a difference in the burden of proof that the movant must show is

essential to a court's collateral estoppel analysis, specifically in determining

whether the issues are identical.

In cases where the movant had a significantly heavier burden of persuasion

with respect to the issue in the initial action than in the subsequent action, rejecting

collateral estoppel is consistent with the intended purpose of the doctrine.  "[I]n

such cases, it would be both unfair and illogical for issue preclusion to attach."

*O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 594 (3d Cir. 1989).  Should a court,

controlled by the "clear and convincing" standard, apply collateral estoppel to an

issue proven under the "preponderance" standard, it would suggest that there is no

meaningful difference between these two burdens.

At the PTAB, Groupon's burden was to prove invalidity of the Invalidated Claims by a "preponderance of the evidence." 35 U.S.C. § 316(e); *see also* 37 C.F.R. § 42.1(d).  However, Groupon's burden of proof is significantly higher in the district court.  Under Supreme Court precedent, Groupon must demonstrate obviousness by "clear and convincing" evidence.  *See Microsoft Corp. v. i4i Ltd. P'ship,* 564 U.S. 91, 95 (2011) (Section 282 of the Patent Act requires an invalidity defense to be proved by "clear and convincing evidence"). Additionally, unlike before the PTAB, Groupon must also overcome the patent's presumption of validity in district court.  *See* 35 U.S.C § 282(a) ("A patent shall be presumed valid.").

Therefore, because of the vastly different burdens required by the PTAB in an IPR and a district court in terms of patent invalidity, collateral estoppel should not apply to cases like this one, where the Newly Asserted Claims have a presumption of validity, could only be invalidated at the district court by clear and convincing evidence, and were not at issue in either of the two IPRs.

To clarify, Kroy is not disputing this Court's precedent cited by the district court in any of the "two lines" it analyzed in the December 2 decision.  It is well known and readily accepted that "the determination of a question directly involved in one action is conclusive as to that question in a second suit." *B&B Hardware, Inc. v. Hargis Induss.*, 135 S. Ct. 1293, 1302 (2015) (citing *Cromwell v. County of*

*Sac*, 94 U. S. 351, 354, 24 L. Ed. 195 (1877)).  However, the Supreme Court

further discussed how this general rule is "subject to certain well-known

exceptions . . . such as . . . whether there were 'differences in the quality or

extensiveness of the procedures followed.'" *B&B Hardware*, 135 S. Ct. at 1302

(quoting Restatement (Second) of Judgments §§ 27, 28).  One such exception to

the application of collateral estoppel occurs when "the adversary has a significantly

heavier burden than he had in the first action . . ."  Restatement (Second) of

Judgments § 28(4).

Therefore, the general rule is that collateral estoppel is precluded when the

burden of proof is different, and that the application of collateral estoppel to the

identical claims in patent cases is a ***narrow exception*** to this general rule.  This

exception is driven by the overall IPR statutory scheme as is explained by the case

law.  First, the prevailing Supreme Court and 3rd Circuit principles hold that

collateral estoppel does not apply when the second action involves a different

burden of proof, recognizing that the issues are not identical, and the party did not

have an adequate opportunity to litigate under the higher standard.  *See Grogan v.

Garner*, 498 U.S. 279, 284-85, 111 S. Ct. 654 (1991) (citing Restatement (Second)

of Judgments § 28(4)); *see also O'Shea*, 886 F.2d 584, 594 (3d Cir. 1989).  Federal

Circuit cases such as *XY, LLC v. Trans Ova Genetics* have nevertheless applied

collateral estoppel to the ***same claims*** in the second action despite the higher

burden of proof.  This is an exception necessitated by the IPR statutory scheme
because if the PTAB finds a that a claim is unpatentable during an IPR proceeding,
the PTO is required to issue a certificate cancelling the claim.  35 U.S.C. § 318(b).
Because the claim is cancelled, the patent owner can no longer assert the claim in
litigation.  *See also In re Papst Licensing GmbH & Co. KG Patent Litig.*, 320
F.Supp.3d 132, 134 (D.D.C. 2018).  However, finality of PTAB judgments is not at
play when the second action involves new claims not addressed by the PTAB.  The
new claims are not cancelled, the patent owner did not have his day in court on the
new claims, and allowing the patent owner to defend validity under the heightened
burden of proof is not in tension with the need to respect the finality of PTAB
judgments.  If a jury upholds the validity of the new claims this would not disturb
the PTAB's final judgment because the PTAB did not previously consider the new
claims.

Confronted with the above law, Groupon cites to several Federal Circuit
cases to try to support its argument that collateral estoppel should apply here, but
these cases are readily distinguishable for the following reasons.  First, Groupon's
reliance on *XY, LLC v. Trans Ova Genetics* is erroneous because *XY* involved a
PTAB final decision invalidating a patent claim and the ***same claim*** was then
asserted in a district court.  *See XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282,
1294 (Fed. Cir. 2018).  Our present case involves a PTAB final decision

invalidating certain claims of a patent followed by a district court case wherein ***different claims, which had not been invalidated,*** of the same patent were asserted.

Groupon further argued that under *Ohio Willow Wood*, "collateral estoppel applies if the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity." Dkt. 23 at 17. However, *Ohio Willow Wood* was a case wherein collateral estoppel was applied to a first set of claims in one litigation based on invalidation in another litigation of a second set of claims that were not identical to the first set. *See Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). In that circumstance, the burden in the first litigation was "clear and convincing evidence," the same as the burden in the second litigation. This distinction is vital to the court's analysis of whether "the issue sought to be precluded [is] the same as that involved in the prior action." *See B&B Hardware*, 135 S. Ct. at 1302; *see also* Restatement (Second) of Judgments § 28(4).

To try to support its argument that this is not a case of first impression, Groupon relies on *Think Prod., Inc. v. ACCO Brands Corp*., a district court case wherein collateral estoppel was applied against claims not materially different from claims canceled by the PTAB in IPR proceedings. 419 F. Supp. 3d 1078, 1084 (N.D. Ill. 2019). However, in reaching its decision, that court never

8

considered the difference in burdens required to prove invalidity at the PTAB in an

IPR as compared to in a district court, which the Restatement (Second) of

Judgments specifically states is an exception to collateral estoppel. *See*

Restatement (Second) of Judgments § 28(4). Moreover, the Supreme Court's

reference to the Restatement (Second) of Judgments in cases like *B&B Hardware*

demonstrates the importance of the principles outlined within. *See B&B*

*Hardware*, 135 S. Ct. at 1302. District courts have relied on this precedent to

reject the application of collateral estoppel wherein the second action "involves

application of a different legal standard than the PTAB applied [in an IPR]"

relative to validity, and noting that the Supreme Court's *B&B Hardware* decision

"states clearly: '[I]ssues are not identical if the second action involves application

of a different legal standard, even though the factual setting of both suits may be

the same.'" *Sanofi-Aventis U.S., LLC v. Mylan GmbH*, 2019 U.S. Dist. LEXIS

170790 (D.N.J. Oct. 2, 2019) (internal citations omitted).

Groupon's reliance on *B&B Hardware* is also misplaced. Groupon contends

that *B&B Hardware* is analogous to our present case because "the Supreme Court

held that in a trademark infringement action the district court may apply collateral

estoppel on the issue of likelihood of confusion of two trademarks, based on a prior

decision of the Trademark Trial and Appeal Board (TTAB)." Dkt. 23 at 18.

However, the Supreme Court did not hold that collateral estoppel should be applied

when there are different burdens of proof between the TTAB and the district court, but rather discussed whether the standard for likelihood of confusion differed between the two forums and ultimately concluded that the standard is the same even though some of the factors are "similar, but not identical." *B&B Hardware*, 575 U.S. at 154.  Therefore, *B&B Hardware* does not support Groupon's argument that collateral estoppel applies when the burden of proof is different, nor is it an example of applying collateral estoppel when the legal standard is different.

Groupon's arguments are unpersuasive and not supported by the law.  For the reasons expressed above, Kroy respectfully requests that this Court reject the district court's holding and find, in a case of first impression, that collateral estoppel should not apply in the circumstances presented here (where none of the Newly Asserted Claims in litigation, where the standard of proof for invalidity is "clear and convincing evidence," was at issue in IPRs where claims from the same patent were invalidated by the PTAB under the lesser "preponderance of the evidence" standard, and none of those Invalidated Claims is the same as any of the Newly Asserted Claims).

## II.    Even if Collateral Estoppel Could Apply, It Should Not Have Applied To Newly Asserted Claims 91-93, 103, 104, and 107-110 Because They Do Not Match Any Claim Invalidated in the IPRs

As set forth above, given the differences in burdens of proof at the PTAB and in a district court as to patent invalidity and the fact that none of the Newly

Asserted Claims (claims 91-93, 95-97, 103-104 and 107-111) were part of the two Groupon IPRs, all of those Newly Asserted Claims should not be subject to collateral estoppel review. However, even if the district court did not err in analyzing whether collateral estoppel should apply here, Newly Asserted Claims 91-93, 103, 104 and 107-110 should not be collaterally estopped under the test applied by the district court and the recognized law of such estoppel.

The district court nor Groupon could not find a single claim in the Invalidated Claims from the IPRs that directly corresponded to any of these remaining Newly Asserted Claims. In fact, and contrary to Groupon's assertion in its brief here that Kroy did not point at the district court level to any differences between the Newly Asserted Claims and the Invalidated Claims, Kroy's district court brief noted that Groupon's own claim charts in its district brief demonstrate that for every one of the Newly Asserted Claims (including Claims 91-93, 103, 104 and 107-110) there is a missing limitation. *See* Appx2565-94; *See* Appx2696. The above Newly Asserted Claims 91-93, 103, 104 and 107-110 were analyzed in groups, beginning with independent Newly Asserted Claims 103 and 107, then Newly Asserted Claim 104 (which depends from claim 103) and Newly Asserted Claims 108-110 (which depends from claim 107), followed by Newly Asserted Claim 91 and its dependent claims, Newly Asserted Claims 92-93.

The district court's "grouping analysis," detailed in Kroy's Opening Brief (Dkt. 20 at 31-37), consisted of comparing those Newly Asserted Claims to hypothetical claims crafted by the district court. These hypothetical claims were created by the district court by combining various elements of the multiple Invalidated Claims resulting in hypothetical claims that were never at issue in either IPR. The district court then concluded that such hypothetical claims would have been invalidated, under a preponderance of the evidence standard, had they been at issue in the IPRs. Finally, the district court found that these hypothetically invalidated hypothetical claims are not "materially different" from any of the Newly Asserted Claims. *See* Appx22-28. However, this approach where elements are selectively pulled from various claims to create a hypothetical claim that is analogous to the Newly Asserted Claims would of course result in a hypothetical claim that is not "materially different" from any of the Newly Asserted Claims. This, the district court concluded, was sufficient to invoke collateral estoppel with respect to claims that were never analyzed by the PTAB in either IPR.

The approach adopted by the district court here is significantly flawed because it demonstrates the "identical issue" was not previously adjudicated, nor was it "actually litigated." *See Jean Alexander Cosmetics*, 458 F.3d at 249. Moreover, Groupon's brief cites no caselaw that supports this sort of hypothetical claim analysis. Because the district court's hypothetical, hybridized claims were

12

never actually at issue in the IPRs, the issue of validity with respect to Newly Asserted Claims 91-93, 103, 104, and 107-110 were not previously adjudicated and Kroy could not possibly have had the opportunity to actually litigate it. Therefore, collateral estoppel should not apply to any of those claims (see id.), and this is another reason the district court's decision collaterally estopping Newly Asserted Claims 91-93, 103, 104, and 107-110 and dismissing the Second Amended Complaint as to them should be reversed.

Furthermore, the fact that the PTAB's IPR decisions were affirmed under Fed. Cir. R. 36 ("Rule 36") further supports that collateral estoppel is inappropriate here.  Rule 36 does not endorse any specific issue decided if the judgment could have been supported on multiple different grounds.  *See Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1356 (Fed. Cir. 2017) (Rule 36 judgment "does not endorse or reject any specific part of the trial court's reasoning"); *see also United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*, 778 F.3d 1327, 1332 (Fed. Cir. 2015) ("Normally, the court's finding that the verdict could have been based on alternative grounds would be sufficient to render collateral estoppel unavailable."); *see also* Restatement (Second) of Judgments § 27, comment i (1982) ("when a judgment may have been based on alternative grounds, any of which would be sufficient to support the result, the judgment is not preclusive with respect to any ground standing alone.").

13

The Rule 36 affirmance here was silent as to which aspects of the multiple independent grounds relied on by the PTAB were those this Court approved of or not.  Under this Court's precedent, collateral estoppel "cannot apply where the appellate court affirmed, without explanation, the judgment of a trial court that determined two issues, either of which could independently support the result, because it is not known which issue was 'necessary' to the final appellate judgment." *See Phil-Insul Corp.*, 854 F.3d at 1356.  This is especially important here where the Federal Circuit Rule 36 affirmance of the PTAB's Final Written Decisions was silent as to which of the seven independent grounds to invalidate the various, overlapping set of claims, where each ground involves multiple subsidiary issues such as disclosures of the prior art, motivations to combine, and claim construction.  Absent such information, collateral estoppel cannot apply.  *See id.*

## III. Collateral Estoppel Was Not Appropriate To Apply At The Pleadings Stage Here In Response To A Motion To Dismiss Under Rule 12(b)(6)

Even if this Court finds that collateral estoppel may apply at the district court to claims in the '660 patent that were not part of the two IPRs, this Court should find the district court erred in concluding it was proper to require Kroy to address such estoppel allegations at the pleading stage of the case, in response to a Fed. R. Civ. P. 12(b)(6) motion.

A showing that "the identical issue was previously litigated" is a requirement for collateral estoppel.  *See United Access Techs., LLC*, 778 F.3d at

14

1331.  As demonstrated above, Groupon has failed at this element.  However, even if this Court decides otherwise, district courts in substantially similar circumstances to those here have correctly determined that questions of "material differences" between claims are not resolvable on a motion to dismiss.  For example, in *Stragent, LLC v. BMW of N. Am., LLC*, 2021 WL 1147468 (D. Del. March 25, 2021), the defendant argued that each of the core elements of the at-issue claims, or patentably indistinct variations thereof, could be found in claims that were previously invalidated by the PTAB.  *See* 2021 WL 1147468, at *6.  In response, the plaintiff there identified a number of limitations in the at-issue claims that were not found in the prior claims, where such limitations may affect the patentability of the claims.  *Id.*  The court ultimately held that it could not determine whether the additional limitations would not materially impact the question of patentability without the benefit of claim construction or expert opinion, and thus it could not reach a decision on issue preclusion at the motion to dismiss stage.  *Id.* at *6-7.

Furthermore, Groupon makes no argument in its brief to demonstrate that it is in fact appropriate for a court to require Kroy to address such estoppel allegations at the pleading stage of the case, specifically, in response to a Rule 12(b)(6) motion to dismiss.  *See generally* Dkt. 23.

## CONCLUSION

For the foregoing reasons and those set forth in its opening brief, Kroy respectfully requests that the Court reverse or vacate the district court's collateral estoppel decision and remand.

November 17, 2023

Respectfully submitted,

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
(302) 449-9010
Paul Richter, Jr.
prichter@devlinlawfirm.com
(917) 254-5133
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806

*Attorneys for Plaintiff-Appellant*
*Kroy IP Holdings, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing motion complies with the relevant type-volume limitations of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it has been prepared in a proportionally spaced typeface in 14-point font and includes 5,076 words, excluding the parts exempted under those Rules.

*/s/ Timothy Devlin*
Timothy Devlin

*Attorney for Plaintiff-Appellant*
*Kroy IP Holdings, LLC*