# United States Court of Appeals for the Federal Circuit

______________________

**KROY IP HOLDINGS, LLC,**
*Plaintiff-Appellant*

**v.**

**GROUPON, INC.,**
*Defendant-Appellee*

______________________

2023-1359

______________________

Appeal from the United States District Court for the District of Delaware in No. 1:17-cv-01405-MN, Judge Maryellen Noreika.

______________________

Decided: February 10, 2025

______________________

PAUL RICHTER, JR., Devlin Law Firm LLC, Wilmington, DE, argued for plaintiff-appellant. Also represented by TIMOTHY DEVLIN.

THOMAS LEE DUSTON, Marshall, Gerstein & Borun LLP, Chicago, IL, argued for defendant-appellee. Also represented by CHELSEA MURRAY, RAYMOND R. RICORDATI, III.

______________________

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

Kroy IP Holdings, LLC sued Groupon, Inc. in the United States District Court for the District of Delaware alleging patent infringement. Groupon moved to dismiss Kroy's operative complaint, arguing that Kroy was collaterally estopped from alleging infringement of the asserted claims based on two prior inter partes review decisions of the Patent Trial and Appeal Board. Both of the Board's prior decisions involved the same patent, but claims other than the asserted claims. The district court granted Groupon's motion to dismiss. Kroy timely appeals. For the following reasons, we reverse and remand.

## BACKGROUND

Kroy IP Holdings, LLC ("Kroy") owns U.S. Patent No. 6,061,660 ("'660 patent"), which relates to providing incentive programs over a computer network. '660 patent, Abstract. In October 2017, Kroy sued Groupon, Inc. ("Groupon") in the United States District Court for the District of Delaware, alleging that Groupon infringed 13 exemplary claims of the '660 patent. J.A. 1014. In October 2018, Groupon filed two inter partes review ("IPR") petitions challenging 21 claims of the '660 patent. *Groupon, Inc. v. Kroy IP Holds., LLC*, No. IPR2019-00044, 2020 WL 1900398 (P.T.A.B. Apr. 16, 2020) ("*'044 IPR*"); *Groupon, Inc. v. Kroy IP Holds., LLC*, No. IPR2019-00061, 2020 WL 1900402 (P.T.A.B. Apr. 16, 2020) ("*'061 IPR*"). After Groupon's IPR filing deadline had passed, Kroy amended its complaint to allege infringement of additional claims, many of which were not included in Groupon's IPR petitions. J.A. 1925–26. In April 2020, the Patent Trial and Appeal Board ("Board") found all 21 of the challenged claims unpatentable (the "Unpatentable Claims"). *'044 IPR*, 2020 WL 1900398, at *1; *'061 IPR*, 2020 WL 1900402, at *1. Kroy appealed the Board's final written decisions, and in June 2021, this court affirmed via Federal Circuit Rule 36 ("Rule 36"). *Kroy IP Holds., LLC, v. Groupon, Inc.*, 849 F. App'x 930 (Fed. Cir. 2021).

In March 2022, Kroy filed a second amended complaint alleging infringement of 14 claims of the ’660 patent (the “Newly Asserted Claims”), none of which were at issue in the IPR proceedings. J.A. 2457; J.A. 2472. In response, Groupon filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Board’s prior IPR rulings on the Unpatentable Claims collaterally estopped Kroy from asserting the Newly Asserted Claims.

The district court agreed with Groupon and granted its motion to dismiss with prejudice in December 2022. *Kroy IP Holds., LLC v. Groupon, Inc.*, No. 17-1405-MN-CJB, 2022 WL 17403538 (D. Del. Dec. 2, 2022). In so ruling, the district court first determined that the Board’s final judgments on the unpatentability of a patent claim have preclusive effect on any pending or co-pending district court actions involving the same claim. *Id.* at *4 (citing *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018)). The district court next determined that collateral estoppel may apply to patent claims that were not previously adjudicated if the differences between the unadjudicated claims and the adjudicated claims “do not materially alter the question of invalidity.” *Id.* (emphasis removed) (quoting *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013)). Taking these two principles together, the district court concluded that if the Board issues a final judgment ruling that a patent claim is unpatentable, and that claim is immaterially different for purposes of invalidity from another claim, collateral estoppel precludes the patentee from asserting the immaterially different claim. *Id.* With this legal principle in mind, the district court turned to the merits of Groupon’s estoppel arguments.

The district court started its collateral estoppel analysis by observing that four requirements must be met for collateral estoppel to apply in the Third Circuit: “(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was

necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006)). The district court focused its analysis on the first requirement: prior adjudication of the identical issue. In doing so, the district court compared specific Unpatentable Claims to their corresponding Newly Asserted Claims and determined that each Newly Asserted Claim was immaterially different from one or more Unpatentable Claims for purposes of invalidity. *Id.* at *6–14. Next, the district court noted that the parties did not dispute that the second and fourth collateral estoppel requirements were met. *Id.* at *5 n.7. Finally, the district court rejected Kroy's argument that the third collateral estoppel requirement was not met because this court's Rule 36 affirmance was "silent" as to which theories underlying the Board's decision it approved of. *Id.* Having ruled that all four collateral estoppel requirements were met, the district court granted Groupon's motion to dismiss with prejudice. *Id.* at *15.

Kroy appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## STANDARD OF REVIEW

We review a district court's dismissal for failure to state a claim under the law of the regional circuit. *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014). The Third Circuit reviews de novo a district court's grant of a motion to dismiss for failure to state a claim. *Id.* A district court should grant a motion to dismiss for failure to state a claim if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

We also review a district court's application of general collateral estoppel principles de novo under the law of the

regional circuit. *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013); *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003). Federal Circuit law applies to collateral estoppel issues that implicate substantive patent law issues. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015).

## DISCUSSION

This case presents a distinct question of Federal Circuit collateral estoppel law: whether a prior final written decision of the Board that certain patent claims are unpatentable precludes a patentee from asserting other claims from the same patent, even assuming the asserted claims are immaterially different from the unpatentable claims for purposes of invalidity. Kroy argues that collateral estoppel should not apply because an IPR proceeding requires a lower burden of proof to prove unpatentability than the burden of proof in district court for invalidity. Appellant Br. 19–20. Groupon responds that under this court's decisions in *XY* and *Ohio Willow Wood*, collateral estoppel applies. Appellee Br. 16–17 (citing *XY*, 890 F.3d at 1294, and quoting *Ohio Willow Wood*, 735 F.3d at 1342). We agree with Kroy and hold that collateral estoppel does not apply.

Collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics*, 458 F.3d at 249 (internal quotation marks and citations omitted); *see also Soverain Software*, 778 F.3d at 1315. That said, collateral estoppel is "subject to certain well-known exceptions." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015). One such exception is when "the second action involves application of a different legal standard," such as a different

burden of proof. *Id.* at 154; *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991) (explaining that a prior judgment rendered under a preponderance of the evidence standard cannot be given collateral estoppel effect in a subsequent matter litigated under a clear and convincing evidence standard); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4422 (3d ed. 2016) ("[A] party who has carried the burden of establishing an issue by a preponderance of the evidence is not entitled to assert preclusion in a later action that requires proof of the same issue by a higher standard.").

This court recently examined the doctrine of collateral estoppel and assessed the effect that prior final written decisions of the Board may have on subsequent district court litigation. In *ParkerVision, Inc. v. Qualcomm Inc.*, we reviewed a district court decision that collateral estoppel barred ParkerVision's expert from offering testimony to support the validity of certain method claims of a patent. 116 F.4th 1345, 1360–61 (Fed. Cir. 2024). The Board determined that apparatus claims of the same patent were unpatentable as obvious. *Id.* The district court ruled that collateral estoppel barred ParkerVision from asking it or a jury to reach factual conclusions regarding the validity of the method claims that would conflict with the Board's fact findings for the apparatus claims. *Id.* at 1353–54, 1361. We reversed. We recognized that in an IPR proceeding, the petitioner has a burden to prove unpatentability by a preponderance of the evidence, whereas the district court requires the higher burden of clear and convincing evidence for invalidity. *Id.* at 1362. Thus we held that, under the Supreme Court's guidance in *B & B Hardware* and *Grogan*, collateral estoppel did not apply due to the differing burdens of proof. *Id.* at 1361–62.

Our reasoning in *ParkerVision* holds true in this appeal. Collateral estoppel generally does not apply when the second action involves application of a different legal standard, such as a different burden of proof. *B & B*

*Hardware*, 575 U.S. at 148, 154; *Grogan*, 498 U.S. at 284–85; 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4422 (3d ed. 2016). Before the Board, Groupon proved the unpatentability of the Unpatentable Claims by a preponderance of the evidence. Before the district court, however, Groupon's burden to prove that the Newly Asserted Claims are invalid is clear and convincing evidence. As such, collateral estoppel should not apply. To hold otherwise would deprive patent owners of their property right without first requiring proof of patent invalidity that satisfies the statutorily-prescribed clear and convincing evidence standard. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 102 (2011).

Groupon argues that our decision in *XY* provides that, notwithstanding differing burdens of proof, a final written decision by the Board may give rise to collateral estoppel in district court. We addressed and rejected a similar argument in *ParkerVision*. In *XY*, we established a limited exception to the general principle that collateral estoppel does not apply when there are different burdens of proof. *ParkerVision*, 116 F.4th at 1362. Specifically, we explained that *XY* stands for the more limited proposition that once this court affirms the Board's decision that a patent claim is unpatentable, the same claim cannot be asserted in district court. *Id.* We explained that once the claim is ruled unpatentable, it no longer exists, whereas when a claim has "*not* been found unpatentable[,] . . . those claims remain presumptively valid." *Id.* This is so because once a claim is already and finally held unpatentable as a result of an IPR, the claim is subject to a wholly ministerial, inevitable, unreversible cancellation. The premise invoked for collateral estoppel in *XY* does not rely on the Board's fact findings, but rather the retroactive cancellation of certain claims as a matter of law. Yet when a district court would necessarily rely on the Board's fact findings, and those facts have only been proven in a prior proceeding

under a lower burden of proof than what is required in district court, collateral estoppel does not apply. *Id.* The reasoning of *ParkerVision* applies equally here. The Newly Asserted Claims have not been found unpatentable and thus continue to exist until this court affirms a Board or district court decision that determines otherwise.

Contrary to Groupon's assertion, *Ohio Willow Wood* does not compel a different result. Groupon is correct that, under *Ohio Willow Wood*, collateral estoppel may apply to patent claims that were not previously adjudicated if the differences between the unadjudicated claims and the adjudicated claims "do not materially alter the question of invalidity." *Ohio Willow Wood*, 735 F.3d at 1342. What Groupon omits, however, is that *Ohio Willow Wood* addresses whether a prior *district court* invalidity ruling estopped the patentee from asserting claims in district court that are immaterially different for purposes of invalidity. *Id.* at 1341–43. Put another way, the district-court-to-district-court scenario presented in *Ohio Willow Wood* does not present the same burden of proof concern as the Board-to-district-court case before us. The district court's reliance on *Ohio Willow Wood* to establish that a prior Board unpatentability ruling estopped Kroy from asserting the unadjudicated, Newly Asserted Claims in district court ignores *B & B Hardware* and *Grogan* and thus was legal error.

We hold that a prior final written decision of the Board of unpatentability on separate patent claims reached under a preponderance of the evidence standard cannot collaterally estop a patentee from asserting other, unadjudicated patent claims in district court litigation. As such, dismissal was inappropriate.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons stated, we

reverse the district court's grant of Groupon's motion to dismiss and remand for further proceedings.

**REVERSED AND REMANDED**

COSTS

Costs against Groupon.