No. 23-1359

# In the
# United States Court of Appeals
## for the Federal Circuit

KROY IP HOLDINGS, LLC,

*Plaintiff-Appellant,*

v.

GROUPON, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the District of Delaware, No. 1:17-cv-01405-MN
The Honorable Maryellen Noreika

## DEFENDANT-APPELLEE'S COMBINED PETITION FOR REHEARING AND REHEARING *EN BANC*

THOMAS LEE DUSTON
RAYMOND R. RICORDATI, III
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
(312) 474-6300
tduston@marshallip.com
rricordati@marshallip.com

*Counsel for Defendant-Appellee
Groupon, Inc.*

April 11, 2025

 

**FORM 9. Certificate of Interest**                    Form 9 (p. 1)
                                                       **July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1359 |
| **Short Case Caption** | Kroy IP Holdings, LLC v. Groupon, Inc. |
| **Filing Party/Entity** | Groupon, Inc. |

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/24/2023                 Signature:   /s/ Thomas L. Duston

                                 Name:        Thomas L. Duston

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Groupon, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Marshall, Gerstein & Borun LLP: | Tiffany D. Gehrke, Sandip H. Patel Michael R. Weiner, Ryan N, Phelan, Tron Fu, Kwanwoo Lee | |
| Ashby & Geddes: | Andrew Mayo | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Kroy IP Holdings, LLC v. Groupon, Inc. 2020-1916 (LEAD) | Groupon, Inc., Petitioner v. Kroy IP Holdings, LLC, Patent Ower, IPR2019-00061 | |
| Kroy IP Holdings, LLC v. Groupon, Inc. 2020-1917 (Consolidated) | | |
| Groupon, Inc., Petitioner v. Kroy IP Holdings, LLC, Patent Ower, IPR2019-00044 | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF COUNSEL .................................................................v

POINTS OF LAW OR FACT OVERLOOKED OR MISUNDERSTOOD
    BY THE PANEL ..............................................................................1

I.     BACKGROUND ...........................................................................2

     A.    Facts and Procedural History .............................................2

     B.    The Panel's Decision...........................................................4

II.    ARGUMENT................................................................................5

     A.    Legal Authority ...................................................................5

     B.    The Panel Should Rehear the Case Because the Panel Decision
         Is Inconsistent with *XY, LLC* and *Ohio Willow Wood* .........................7

     C.    The Court Should Rehear the Case *En Banc* .....................................11

III.   CONCLUSION...........................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
    725 F.2d 1350 (Fed. Cir. 1984) ...................................................11

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
    501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) ................14

*B&B Hardware* v. *Hargis Indus., Inc.*,
    575 U.S. 138, 135 S.Ct. 1293 (2015) ..........................................14

*Bourns, Inc. v. United States*,
    537 F. 2d 486 (Ct. Cl. 1976) ....................................................v, 6

*Celgene Corp. v. Peter*,
    931 F.3d 1342 (Fed. Cir. 2019) ...................................................16

*Cuozzo Speed Techs. v. Com. for Intell. Prop.*,
    579 U.S. 261, 136 S. Ct. 2131 (2016) ..........................................13

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*,
    879 F.3d 1332 (Fed. Cir. 2018) ...................................................11

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013) .....................................................7

*In re Winship*,
    397 U.S. 358 (1970).....................................................................12

*Intell. Ventures I, LLC v. Lenovo Grp. Ltd.*,
    370 F. Supp. 251 (D. Mass. 2019).................................................10

*Kroy IP Holdings, LLC v. Groupon, Inc.*,
    849 F. App'x 930 (Fed. Cir. 2021) ...................................... 2, 4, 15

*M2M Solutions LLC v. Sierra Wireless Am., Inc.*,
    No. 14-cv-01102-RGA, 2021 U.S. Dist. LEXIS 62238
    (D. Del. Mar. 31, 2021) ...............................................................10

# TABLE OF AUTHORITIES
*(Continued)*

**Page**

*MCM Portfolio LLC v. Hewlett-Packard Co.,*
    812 F.3d 1284 (Fed. Cir. 2015) ................................................................ 13, 14

*Microsoft Corp. v. I4I Ltd. P'ship,*
    564 U.S. 91, 131 S. Ct. 2238 (2011) .................................................. 11, 12, 13

*Newell Cos. v. Kenney Mfg. Co.,*
    864 F. 2d 757 (Fed. Cir. 1988) ...........................................................................8

*Ohio Willow Wood v. Alps S., LLC,*
    735 F.3d 1333 (Fed. Cir. 2013) ........................................................ v, 1, 4, 5, 8

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC,*
    584 U.S. 325, 138 S. Ct. 1365 (2018) ...............................................................13

*Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.,*
    924 F.3d 1243 (Fed. Cir. 2019) ............................................................. 5, 7, 17

*ParkerVision, Inc. v. Qualcomm, Inc.,*
    116 F.4th 1345 (Fed. Cir. 2024) ........................................................... 3, 4, 11

*Patlex Corp. v. Mossinghoff,*
    758 F.2d 594, 605 (Fed. Cir. 1985),
    *reh'g granted on other grounds*, 771 F.2d 480 (Fed. Cir. 1985) ..................13

*South Corp. v. United States,*
    690 F. 2d 1368 (Fed. Cir. 1982) ........................................................................6

*Think Prod., Inc. v. ACCO Brands Corp.,*
    854 F. App'x 374 (Fed. Cir. 2021) ..............................................................9, 10

*Think Prod., Inc., v. ACCO Brands Corp.,*
    419 F. Supp. 3d 1078,  (N.D. Ill. 2019)...........................................................10

*Thryv, Inc. v. Click-To-Call Techs., LP,*
    590 U.S. 45, 140 S. Ct. 1367 (2020) .................................................... 16, 17

*Westwood Chem., Inc. v. United States,*
    525 F. 2d 1367 (Ct. Cl. 1975)............................................................. v, 6, 15

## TABLE OF AUTHORITIES
*(Continued)*

**Page**

*XY, LLC v. Trans Ova Genetics, L.C.*,
    890 F.3d 1282 (Fed. Cir. 2018) .......................................... v, 1, 4, 5, 6, 7, 8, 9

**STATUTES**

35 U.S.C. § 282 ...................................................................................... 11, 13

**OTHER AUTHORITIES**

H.R. Rep. No. 112-98, pt. 1 (2011)..............................................................16

Houdek & Etienne,
    *Reconsidering IPR Strategies in Light of Kroy IP Holdings v.*
    *Groupon*, IP WATCHDOG (Mar. 19, 2025)......................................................15

Licygiewicz & Short,
    *How Fed. Circ. Ruling Complicates Patent Infringement Cases*,
    LAW360 (Mar. 18 2025) ...............................................................................16

Matal, Joe,
    *A Guide to the Legislative History of the America Invents Act*: Part II
    of II, 21 FED. CIR. BAR. J. 539, 653 (2012) ...................................................16

*Restatement (Second) of Judgments* §§ 28-29 (1982) ...............................9

S. Rep. No. 110-259 (2008) .......................................................................16

**RULES**

Fed. Cir. R. 32.1(b) .......................................................................................9

## STATEMENT OF COUNSEL

Based on my professional judgment, I believe the panel decision is contrary to the following decisions of the Supreme Court of the United States or the precedents of this Court:

1.    *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333 (Fed. Cir. 2013);

2.    *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018);

3.    *Bourns, Inc. v. United States*, 537 F.2d 486, 491 (Ct. Cl. 1976); and

4.    *Westwood Chem., Inc. v. United States*, 525 F.2d 1367, 1372 (Ct. Cl. 1975).

By:  */s/ Thomas L. Duston*
Thomas L. Duston

## POINTS OF LAW OR FACT OVERLOOKED
## OR MISUNDERSTOOD BY THE PANEL

The panel erred in determining a patent owner is not precluded from asserting patent claims that do not differ materially from claims the Federal Circuit had affirmed were unpatentable based upon a decision of the Patent Trial and Appeal Board and in concluding the patent owner is not collaterally estopped from arguing the validity of those claims under this Court's precedents in *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018), and *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333 (Fed. Cir. 2013).

## I.    BACKGROUND

### A.    Facts and Procedural History

The challenged decision stems from a second appeal by Kroy IP Holdings, LLC ("Kroy") in a suit against Groupon, Inc. for infringement of U.S. Patent No. 6,061,660 (the "'660 Patent"). In the first appeal, *Kroy IP Holdings, LLC v. Groupon, Inc.*, 849 F. App'x 930 (Fed. Cir. 2021), the Court affirmed two decisions of the Patent Trial and Appeal Board determining that 21 challenged claims of the '660 Patent, representing the entirety of the claims asserted in Kroy's original Complaint against Groupon, were unpatentable.

The decision in the present appeal stems from the district court's subsequent dismissal of additional patent claims Kroy sought to assert in an Amended Complaint filed after the deadline for filing IPR Petitions. The district court concluded these additional claims were not materially different from the claims deemed unpatentable in the affirmed IPR decision. Kroy's counsel spurned repeated invitations from the district court to articulate material differences. Based upon this Court's precedent, the district court determined Kroy was collaterally estopped from asserting the validity of these claims in view of the PTAB's affirmed final judgment declaring the subject matter of these claims unpatentable.

Briefing in the present appeal was completed in November 2023. Roughly a year after that briefing was completed and only weeks before oral argument in this

matter was scheduled, the Court decided *ParkerVision, Inc. v. Qualcomm, Inc.*, 116 F.4th 1345 (Fed. Cir. 2024). In *ParkerVision*, plaintiff appealed a grant of summary judgment of non-infringement, and this Court vacated and remanded. Questions of validity were not before this Court on appeal.

Nevertheless, this Court, "in the interest of judicial economy" chose to address an interim evidentiary ruling barring plaintiff's validity expert from presenting certain testimony on the content of prior art disclosures that conflicted with an earlier PTAB decision. In that earlier IPR decision, the PTAB had found certain system claims invalid but had affirmed the *validity* of method claims from the same patent.[1] Seeking to use the PTAB's unfavorable decision offensively, Qualcomm argued plaintiff was collaterally estopped from arguing for the method claims' validity using an interpretation of the prior art at odds with the interpretation used by the Board to invalidate the system claims.

"To let the district court know now that it was wrong to exclude [the expert's testimony]," the Court addressed the district court's *Daubert* ruling and *reversed* it. The Court reasoned the PTAB's final judgment finding system claims invalid could not, as Qualcomm argued, be accorded collateral estoppel effect to

---

[1] Qualcomm had argued that statutory estoppel under 35 U.S.C. § 315(e)(2) did not preclude it from re-challenging validity of these method claims because it now relied upon the prior art *product* described in the prior art publication, a ground it argued it could not have raised in the IPR.

defeat the PTAB's separate ruling affirming the *validity* of the method claims. The Court concluded PTAB decisions could not give rise to collateral estoppel due to the differing burdens of proof in the PTAB and the district court. *ParkerVision,* 116 F.4th at 1362.

In *ParkerVision*, defendant sought to employ collateral estoppel to invalidate claims that the PTAB had expressly *adjudicated were valid.* In contrast, here Groupon seeks to extend the PTAB's ruling that challenged claims were invalid to claims not materially different, which the PTAB did not expressly address.

## B.    The Panel's Decision

The panel in this appeal evaluated whether the court properly granted Groupon's motion to dismiss Kroy's amended infringement complaint. The court dismissed Kroy's amended complaint, finding Kroy was collaterally estopped from asserting validity of claims not materially different from claims the Board had earlier determined unpatentable. This Court had affirmed the PTAB's earlier invalidity decision. *Kroy IP Holdings, LLC,* 849 F. App'x at 930.

The panel considered Groupon's argument that under *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018) and *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333 (Fed. Cir. 2013), collateral estoppel precludes Kroy from asserting validity of claims not materially different from claims the Board had earlier determined unpatentable. In *XY, LLC*, this Court declared, "[A]n

4

affirmance of an invalidity finding, whether from the district court or the Board, has a collateral estoppel effect on all pending or co-pending actions." 890 F.3d at 1294. In *Ohio Willow Wood*, this Court determined collateral estoppel extends to unadjudicated and adjudicated patent claims equally. 735 F.3d at 1342.

The panel limited *XY, LLC*, declaring it provided only an unfamiliar *species* of collateral estoppel: one where the Board's invalidity determination gave rise to collateral estoppel in the district court, but only as to the same, but not immaterially different, claims. Slip op. at 5-8.

## II.    ARGUMENT

### A.    Legal Authority

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co.*, 735 F.3d at 1342. The Court in *Ohio Willow Wood* determined collateral estoppel applies to both unadjudicated and adjudicated patent claims equally, provided the substance of the unadjudicated claims does not materially alter the question of invalidity. *Id.* at 1342; *see also Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.,* 924 F.3d 1243, 1252-53 (Fed. Cir. 2019) (PTAB invalidity decision for one patent had issue preclusive effect in separate IPR directed to claims of a related patent).

In *Ohio Willow Wood*, the Court based its decision on prior, precedential Court of Claims decisions. *See South Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982) (en banc) (holding Court of Claims decisions to be binding precedent). Specifically, the Court premised its decision on *Bourns, Inc. v. United States*, 537 F.2d 486 (Ct. Cl. 1976), and *Westwood Chem., Inc. v. United States*, 525 F.2d 1367 (Ct. Cl. 1975).

In *Bourns*, the court declared "collateral estoppel [was] applicable to unadjudicated claims where it was shown that the adjudicated and unadjudicated claims presented identical issues." 537 F.2d at 492. In *Westwood*, the court warned that "a rule that would limit the application of an estoppel only to specific claims seems to be much too mechanical and ignores the practicalities of patent practice." 525 F.2d at 1372.

Several years after *Ohio Willow Wood*, the Court again affirmed the application of collateral estoppel. In *XY, LLC*, the Court declared that PTAB decisions determining patent claims unpatentable, where affirmed by the Federal Circuit, collaterally estopped patent owners from advancing contrary arguments in the district court. 890 F.3d at 1294-95. The Court announced that like a district court's final judgment, the Board's final judgment in an IPR gives rise to collateral estoppel in later district court actions. *Id.* at 1294 ("[A]n affirmance of an

invalidity finding, whether from the district court or the Board, has a collateral estoppel effect on all pending or co-pending actions.").

In doing so, the Court implicitly rejected arguments voiced by the dissent that collateral estoppel could not apply due to the differing burdens of proof in PTAB and district court proceedings. *Id.* at 1300 (Newman, J., dissenting). The majority also deliberately invoked collateral estoppel to extend the effect of the PTAB's invalidity decision, notwithstanding earlier decisions more narrowly premised on "claim mootness." *See, e.g., Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1334 (Fed. Cir. 2013) ("cancellation extinguishes the underlying basis for suits based on the patent"). The Court in *XY, LLC* was clearly aware of the more expansive preclusive effect of collateral estoppel. *See, e.g., Papst Licensing GMBH,* 924 F.3d at 1252-53 (Chen, J. and Dyk, J.) (concluding issue preclusion arising from IPR decision extends to unadjudicated, materially similar claims of a related patent); *see also Fresenius USA, Inc.*, *supra* (Dyk, J.).

**B.    The Panel Should Rehear the Case Because the Panel Decision Is Inconsistent with *XY, LLC* and *Ohio Willow Wood***

The panel's decision is inconsistent with the decision in *XY, LLC*, where this Court held "an affirmance of an invalidity finding, whether from the district court or the Board, has a collateral estoppel effect on *all* pending or co-pending actions." 890 F.3d at 1294 (emphasis added). *Ohio Willow Wood* held such collateral estoppel extends a judgment of invalidity to unadjudicated claims if differences

7

between them and the adjudicated claims do not materially alter the question of invalidity. 735 F.3d at 1342. A straightforward application of these holdings requires affirming the district court's dismissal of Kroy's action.

The panel accepted that claims asserted by Kroy in its amended complaint were "immaterially different" from claims found unpatentable in two affirmed IPR decisions. The panel's decision to reverse the district court's judgment is contrary to controlling precedent and should be reconsidered. "[P]rior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *in banc.*" *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988). The panel's decision effectively overturns this Court's decisions in *XY, LLC* and *Ohio Willow Wood.*

The panel's attempts to reinterpret *XY, LLC* narrowly are unpersuasive. The panel recharacterizes *XY, LLC*'s holding as premised on mootness. Slip op. at 7 ("The premise invoked for collateral estoppel in *XY* does not rely on the Board's fact findings, but rather the retroactive cancellation of certain claims as a matter of law."). The majority in *XY, LLC*, however, had an opportunity to so limit its decision, but chose instead to rely on collateral estoppel in extending the preclusive effect of PTAB decisions to the district courts. Rejecting the dissent's criticisms, the majority denied that it had concluded the "agency's decision 'moots' the

district court's decision." *XY, LLC*, 890 F.3d at 1294 (noting instead its decision was a "straightforward application" of collateral estoppel).

The Court's broad language in *XY, LLC*—that a decision of "a district court or the Board, has a collateral estoppel effect on *all* pending or co-pending actions"—cannot reasonably be interpreted to apply only to actions involving the same claims, but not to those involving claims that are patentably indistinguishable. *Id.* (emphasis added). If mere cancellation of the claims had formed the basis of the Court's decision, there would have been no reason to discuss the differing burdens of proof in the PTAB and district courts. Yet, the Court's decision in *XY, LLC* was issued over a dissenting opinion arguing such differing burdens comprised a "well-known exception" to the majority's application of collateral estoppel. *See id.* at 1298-1302 (Newman, J., dissenting) (citing *Restatement (Second) of Judgments* §§ 28-29 (1982)). The panel's decision narrowing the holdings of *XY, LLC* and *Ohio Willow Wood* is improper in the absence of an *en banc* decision of this Court.

Prior non-precedential decisions of the Court have seemingly interpreted *XY, LLC* and *Ohio Willow Wood* consistent with this petition. For example, in *Think Prods., Inc. v. ACCO Brands Corp*., 854 F. App'x 374 (Fed. Cir. 2021), this Court affirmed the district court's application of collateral estoppel to grant summary judgment of invalidity based upon an earlier Board decision invalidating claims of

a related patent. *See Think Prods., Inc.*, *v. ACCO Brands Corp.*, 419 F. Supp. 3d 1078, 1083-88 (N.D. Ill. 2019). The district court had determined the asserted claims were not materially different from claims invalidated by the PTAB. *Id.* at 1085. The district court concluded collateral estoppel precluded plaintiff from enforcing the asserted claims. *Id.* at 1086 (stating that "the new language in the [asserted] patent's claims does not render those claims materially different from the invalidated patent's claims," and determining that application of "collateral estoppel [was] appropriate"). On appeal, the Federal Circuit affirmed the court's decision without opinion, apparently because the Court viewed that decision as a routine application of existing law. *Think Prods., Inc.*, 854 F. App'x 374; *see also* Fed. Cir. R. 32.1(b) ("An opinion or order which is designated as nonprecedential is one determined by the panel issuing it as not adding significantly to the body of law.").

District courts have also understood *XY, LLC* and *Ohio Willow Wood* to be consistent with arguments in the present petition. *See, e.g.*, *M2M Solutions LLC v. Sierra Wireless Am., Inc.*, No. 14-cv-01102-RGA, 2021 U.S. Dist. LEXIS 62238, at *8-12 (D. Del. Mar. 31, 2021) (applying collateral estoppel to grant summary judgment of invalidity of claims "not materially different from" those invalidated by PTAB); *Intell. Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 257 (D. Mass. 2019) (invalidating unadjudicated claim, stating "PTAB decisions have a

collateral-estoppel effect in district court on unadjudicated claims that do not

'materially alter the question of invalidity'").

### C.    The Court Should Rehear the Case *En Banc*

To the extent the Court is of the view that the panel decision was required by

*ParkerVision*, the Court should address *en banc* the extent to which collateral

estoppel arises from prior final IPR decisions and overrule *ParkerVision*.

The heightened burden of proof applied in district courts is not independent

of decisions of the Patent Office—it is a consequence of them. The heightened

burden of proof applied in district courts arises directly from the presumption that

the Patent Office acted correctly in adjudicating the validity of claims. *See*

*Microsoft Corp. v. i4i Ltd. P'ship,* 564 U.S. 91, 97-98 (2011) (citing *Am. Hoist &*

*Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984) (observing

35 U.S.C. § 282 codified a common-law presumption based on "the basic

proposition that a government agency such as the [PTO] was presumed to do its

job")); *see also Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*,

879 F.3d 1332, 1341 (Fed. Cir. 2018) ("[T]he *deference* owed to the decisions of

the USPTO takes the form of the *presumption of validity* under 35 U.S.C. § 282.")

(emphases in original) (citation and internal quotation marks omitted).

The panel's application of *ParkerVision*, however, turns this presumption

that the Patent Office has acted correctly on its head. Rather than giving effect to

11

the decisions of the Patent Office, the panel's application of *ParkerVision* defeats them. The panel's decision demands district courts impose a heightened burden of proof where the predicate for that burden—a Patent Office decision of *patentability*—has been expressly disavowed by the Patent Office. This is not a situation as in *i4i* where the Patent Office's views on the impact of the prior art are unknown. *See Microsoft Corp.,* 564 U.S. at 108-110 (declining to weaken burden of proof where Patent Office had not previously addressed prior art).

The panel notes existence of differing burdens of proof is an exception to the application of collateral estoppel. Slip op. at 5-6. The most oft-cited examples of such an exception concern efforts to extend judgments made in civil litigation to criminal matters. In those circumstances, however, the heightened burden owes its existence to a source *independent of* the very decision-maker whose decision is argued to have issue-preclusive effect. *See, e.g., In re Winship,* 397 U.S. 358, 364 (1970) ("Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that *the Due Process Clause protects* the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.") (emphasis added).

Moreover, even if Section 282 is deemed to give rise to a presumption of validity based upon the initial issuance of the challenged claims, it does not speak

12

to the method by which this presumption may be overcome. In *i4i*, the Supreme Court observed *collateral* attacks in the courts on the Patent Office's patentability decisions historically required clear and convincing evidence that the Office had acted incorrectly. *Microsoft Corp.*, 564 U.S. at 100-03. Congress, however, has authorized the Patent Office to adjudicate *directly* the patentability of issued claims under a lesser standard. *See Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC,* 584 U.S. 325, 336-342 (2018) (Patents are "public rights," and their validity "can be resolved in multiple ways."); *MCM Portfolio LLC v. Hewlett-Packard Co.,* 812 F.3d 1284, 1292 (Fed. Cir. 2015) (Congress may assign adjudication of "public rights" to an administrative agency.).

In establishing IPRs, Congress declared a challenger may establish unpatentability by a preponderance of evidence. Requiring clear and convincing evidence in proceedings whose purpose is to remedy the Patent Office's errors in issuing claims is inconsistent with the legislative purpose of Section 282. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 605 (Fed. Cir. 1985), *reh'g granted on other grounds*, 771 F.2d 480 (Fed. Cir. 1985) (addressing analogous reexamination proceedings whose purpose was to "remedy defective governmental [] action" and "remove patents that should have never been granted"); *see also Cuozzo Speed Techs. v. Com. for Intell. Prop.*, 579 U.S. 261, 279-80 (2016) (noting same purpose for *inter partes* review—it offers the PTO "a second look" at its own decision).

"[B]ecause the principle of issue preclusion was so 'well established' at common law, in those situations in which Congress has authorized agencies to resolve disputes, 'courts may take it as given that Congress has legislated with the expectation that the principle of issue preclusion will apply except when a statutory purpose to the contrary is evident.'" *B & B Hardware, Inc.* v. *Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991)).

Formalistic application of collateral estoppel solely to claims expressly declared invalid by the PTAB, thereby depriving the PTAB's decision of any effect on claims no different in any respect material to invalidity, defeats the purpose for which Congress established *inter partes* review. *See MCM Portfolio LLC,* 812 F.3d at 1290-91 (Congress "saw powerful reasons to utilize the expertise of the PTO for an important public purpose—to correct the agency's own errors in issuing patents in the first place."). The Court of Claims observed 50 years ago that a rule that would limit the application of collateral estoppel to claims identical to those invalidated in a prior proceeding "ignores the practicalities of patent practice" and may lead to "abuse" of the patent system:

> Yet, it is also frequently the case that one claim in a patent may vary only slightly from another claim and that the issues of validity presented by the two claims are not significantly different. . . . Hence, *a rule that would limit the application of an estoppel only to specific claims seems to be much too mechanical and ignores the*

14

> *practicalities of patent practice. Moreover, it could well lend itself to abuse.* For example, a patentee could readily circumvent the estoppel simply by litigating the patent one claim at a time, thus preserving to himself additional days in court against other defendants, even if, in his first suit, the particular claim litigated had been held invalid.

*Westwood*, 525 F.2d at 1372 (emphasis added).

Recent commentary on the panel's decision suggests *Westwood* correctly predicted this abuse of the patent system and the undue burdens it would impose on defendants accused of infringing immaterially different claims. *See* Jason Houdek & Mike Etienne, *Reconsidering IPR Strategies in Light of Kroy IP Holdings v. Groupon*, IP WATCHDOG (Mar. 19, 2025)[2] (opining in view of the panel's decision, "[p]atent owners should revisit the cost-benefit analysis of how many claims to present in a given patent application," and that "*Kroy IP* appears to offer some *attractive enforcement strategies for patent owners*") (emphasis added); Art Licygiewicz & Ryan Short, *How Fed. Circ. Ruling Complicates Patent Infringement Cases*, LAW360 (Mar. 18 2025)[3] (recommending on basis of panel's decision that plaintiffs initially "withhold some of their strongest claims if they are

---

[2] https://ipwatchdog.com/2025/03/19/reconsidering-ipr-strategies-light-kroy-ip-holdings-v-groupon/id=187027/.

[3] https://www.law360.com/articles/2311948/how-fed-circ-ruling-complicates-patent-infringement-cases.

immaterially different from the originally asserted claims, to gain a tactical advantage").

The Supreme Court has observed Congress provided *inter partes* review in order to "weed out bad patent claims efficiently." *See Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020) (citing H.R. Rep. No. 112-98, pt. 1, p. 40 (2011) ("The legislation is designed to establish a more efficient and streamlined patent system that will improve patent quality and **limit unnecessary and counterproductive litigation costs**.") (emphasis added)). This Court has repeatedly recognized that a legislative purpose of the America Invents Act was to provide an efficient alternative to district court litigation. *Celgene Corp. v. Peter*, 931 F.3d 1342, 1362 n.20 (Fed. Cir. 2019) (objective of AIA "was to provide an alternative to district court litigation") (first citing H.R. Rep. No. 112-98, pt. 1, at 48 (describing IPR as a "quick and cost effective alternativ[e] to litigation"); then citing S. Rep. No. 110-259, at 20 (2008) (describing IPR as "a quick, inexpensive, and reliable alternative to district court litigation")); *see also* Joe Matal, *A Guide to the Legislative History of the America Invents Act*: Part II of II, 21 FED. CIR. BAR. J. 539, 653 (2012) (proceedings are intended to "function as an efficient alternative to litigation"). The panel's decision effectively annuls IPRs as an efficient alternative to litigation by permitting patent owners to side-step the PTAB's decisions through belated assertion of claims immaterially different from those

16

determined unpatentable. *Cf. Thryv, Inc.*, 590 U.S. at 55 (refusing to interpret AIA in fashion that would "wast[e] the [PTAB] resources spent resolving patentability and leav[e] bad patents enforceable" and warning against undoing the agency's work).

Having rebutted patentability of the invalidated claims before the very agency charged with declaring patentability, a challenger should not be required to do more than prove additional claims do not differ materially from those declared unpatentable. *See, e.g., Papst Licensing,* 924 F.3d at 1252-53 (extending IPR estoppel to unadjudicated claims not materially different). The facts of the present case highlight the implications for Congress's hoped-for alternative to costly litigation. As the panel observed, the presently asserted patent contains more than 100 claims, almost all of which were added during litigation-motivated reexamination proceedings. Oral Argument, Oct. 7, 2024, at 2:30-41, 26:15-30:50. The panel's refusal to give full effect to a PTAB determination that certain subject matter is unpatentable defeats Congress's intent to provide a cost-effective alternative by which the Patent Office itself can remedy its errors. This is particularly true when factored alongside the PTAB's financially punishing surcharges for challenging more than 20 claims, its hostility to multiple petitions, and its restrictions on the space available for argument in IPR petitions.

## III.   CONCLUSION

Eight years after Kroy initially filed suit, and following two IPR proceedings whose outcomes were affirmed by this Court, the panel's decision effectively erases all that has occurred. The logic of the panel's decision would permit enforcement of even unadjudicated claims that were word for word identical to claims the PTAB had invalidated—a perverse result that undermines Congress's intent in establishing *inter partes* review. For the reasons discussed, the panel or the *en banc* Court should grant rehearing and affirm the district court's decision to apply collateral estoppel and dismiss this case.

Date:  April 11, 2025                    Respectfully submitted,

                                         /s/ Thomas L. Duston
                                         Thomas L. Duston
                                         Raymond R. Ricordati, III
                                         MARSHALL, GERSTEIN & BORUN LLP
                                         233 South Wacker Drive
                                         6300 Willis Tower
                                         Chicago, Illinois 60606
                                         Telephone: (312) 474-6300
                                         Facsimile: (312) 474-0448
                                         tduston@marshallip.com
                                         rricordati@marshallip.com

                                         *Counsel for Defendant-Appellee*
                                         *Groupon, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  23-1359

**Short Case Caption:**  Kroy IP Holdings, LLC v. Groupon, Inc.

---

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

---

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes  3887  words.

- ☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

- ☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 04/11/2025

Signature:  /s/ Thomas L. Duston

Name:  Thomas L. Duston

ADDENDUM

# United States Court of Appeals for the Federal Circuit

———————————

**KROY IP HOLDINGS, LLC,**
*Plaintiff-Appellant*

**v.**

**GROUPON, INC.,**
*Defendant-Appellee*

———————————

2023-1359

———————————

Appeal from the United States District Court for the District of Delaware in No. 1:17-cv-01405-MN, Judge Maryellen Noreika.

———————————

Decided: February 10, 2025

———————————

PAUL RICHTER, JR., Devlin Law Firm LLC, Wilmington, DE, argued for plaintiff-appellant. Also represented by TIMOTHY DEVLIN.

THOMAS LEE DUSTON, Marshall, Gerstein & Borun LLP, Chicago, IL, argued for defendant-appellee. Also represented by CHELSEA MURRAY, RAYMOND R. RICORDATI, III.

———————————

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

Kroy IP Holdings, LLC sued Groupon, Inc. in the United States District Court for the District of Delaware alleging patent infringement. Groupon moved to dismiss Kroy's operative complaint, arguing that Kroy was collaterally estopped from alleging infringement of the asserted claims based on two prior inter partes review decisions of the Patent Trial and Appeal Board. Both of the Board's prior decisions involved the same patent, but claims other than the asserted claims. The district court granted Groupon's motion to dismiss. Kroy timely appeals. For the following reasons, we reverse and remand.

## BACKGROUND

Kroy IP Holdings, LLC ("Kroy") owns U.S. Patent No. 6,061,660 ("'660 patent"), which relates to providing incentive programs over a computer network. '660 patent, Abstract. In October 2017, Kroy sued Groupon, Inc. ("Groupon") in the United States District Court for the District of Delaware, alleging that Groupon infringed 13 exemplary claims of the '660 patent. J.A. 1014. In October 2018, Groupon filed two inter partes review ("IPR") petitions challenging 21 claims of the '660 patent. *Groupon, Inc. v. Kroy IP Holds., LLC*, No. IPR2019-00044, 2020 WL 1900398 (P.T.A.B. Apr. 16, 2020) ("*'044 IPR*"); *Groupon, Inc. v. Kroy IP Holds., LLC*, No. IPR2019-00061, 2020 WL 1900402 (P.T.A.B. Apr. 16, 2020) ("*'061 IPR*"). After Groupon's IPR filing deadline had passed, Kroy amended its complaint to allege infringement of additional claims, many of which were not included in Groupon's IPR petitions. J.A. 1925–26. In April 2020, the Patent Trial and Appeal Board ("Board") found all 21 of the challenged claims unpatentable (the "Unpatentable Claims"). *'044 IPR*, 2020 WL 1900398, at *1; *'061 IPR*, 2020 WL 1900402, at *1. Kroy appealed the Board's final written decisions, and in June 2021, this court affirmed via Federal Circuit Rule 36 ("Rule 36"). *Kroy IP Holds., LLC, v. Groupon, Inc.*, 849 F. App'x 930 (Fed. Cir. 2021).

In March 2022, Kroy filed a second amended complaint alleging infringement of 14 claims of the '660 patent (the "Newly Asserted Claims"), none of which were at issue in the IPR proceedings.  J.A. 2457; J.A. 2472.  In response, Groupon filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Board's prior IPR rulings on the Unpatentable Claims collaterally estopped Kroy from asserting the Newly Asserted Claims.

The district court agreed with Groupon and granted its motion to dismiss with prejudice in December 2022.  *Kroy IP Holds., LLC v. Groupon, Inc.*, No. 17-1405-MN-CJB, 2022 WL 17403538 (D. Del. Dec. 2, 2022).  In so ruling, the district court first determined that the Board's final judgments on the unpatentability of a patent claim have preclusive effect on any pending or co-pending district court actions involving the same claim.  *Id.* at *4 (citing *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018)).  The district court next determined that collateral estoppel may apply to patent claims that were not previously adjudicated if the differences between the unadjudicated claims and the adjudicated claims "do not materially alter the question of invalidity."  *Id.* (emphasis removed) (quoting *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013)).  Taking these two principles together, the district court concluded that if the Board issues a final judgment ruling that a patent claim is unpatentable, and that claim is immaterially different for purposes of invalidity from another claim, collateral estoppel precludes the patentee from asserting the immaterially different claim.  *Id.*  With this legal principle in mind, the district court turned to the merits of Groupon's estoppel arguments.

The district court started its collateral estoppel analysis by observing that four requirements must be met for collateral estoppel to apply in the Third Circuit: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was

necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006)). The district court focused its analysis on the first requirement: prior adjudication of the identical issue. In doing so, the district court compared specific Unpatentable Claims to their corresponding Newly Asserted Claims and determined that each Newly Asserted Claim was immaterially different from one or more Unpatentable Claims for purposes of invalidity. *Id.* at \*6–14. Next, the district court noted that the parties did not dispute that the second and fourth collateral estoppel requirements were met. *Id.* at \*5 n.7. Finally, the district court rejected Kroy's argument that the third collateral estoppel requirement was not met because this court's Rule 36 affirmance was "silent" as to which theories underlying the Board's decision it approved of. *Id.* Having ruled that all four collateral estoppel requirements were met, the district court granted Groupon's motion to dismiss with prejudice. *Id.* at \*15.

Kroy appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## STANDARD OF REVIEW

We review a district court's dismissal for failure to state a claim under the law of the regional circuit. *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014). The Third Circuit reviews de novo a district court's grant of a motion to dismiss for failure to state a claim. *Id.* A district court should grant a motion to dismiss for failure to state a claim if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

We also review a district court's application of general collateral estoppel principles de novo under the law of the

regional circuit. *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013); *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003). Federal Circuit law applies to collateral estoppel issues that implicate substantive patent law issues. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015).

## Discussion

This case presents a distinct question of Federal Circuit collateral estoppel law: whether a prior final written decision of the Board that certain patent claims are unpatentable precludes a patentee from asserting other claims from the same patent, even assuming the asserted claims are immaterially different from the unpatentable claims for purposes of invalidity. Kroy argues that collateral estoppel should not apply because an IPR proceeding requires a lower burden of proof to prove unpatentability than the burden of proof in district court for invalidity. Appellant Br. 19–20. Groupon responds that under this court's decisions in *XY* and *Ohio Willow Wood*, collateral estoppel applies. Appellee Br. 16–17 (citing *XY*, 890 F.3d at 1294, and quoting *Ohio Willow Wood*, 735 F.3d at 1342). We agree with Kroy and hold that collateral estoppel does not apply.

Collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics*, 458 F.3d at 249 (internal quotation marks and citations omitted); *see also Soverain Software*, 778 F.3d at 1315. That said, collateral estoppel is "subject to certain well-known exceptions." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015). One such exception is when "the second action involves application of a different legal standard," such as a different

burden of proof. *Id.* at 154; *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991) (explaining that a prior judgment rendered under a preponderance of the evidence standard cannot be given collateral estoppel effect in a subsequent matter litigated under a clear and convincing evidence standard); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4422 (3d ed. 2016) ("[A] party who has carried the burden of establishing an issue by a preponderance of the evidence is not entitled to assert preclusion in a later action that requires proof of the same issue by a higher standard.").

This court recently examined the doctrine of collateral estoppel and assessed the effect that prior final written decisions of the Board may have on subsequent district court litigation. In *ParkerVision, Inc. v. Qualcomm Inc.*, we reviewed a district court decision that collateral estoppel barred ParkerVision's expert from offering testimony to support the validity of certain method claims of a patent. 116 F.4th 1345, 1360–61 (Fed. Cir. 2024). The Board determined that apparatus claims of the same patent were unpatentable as obvious. *Id.* The district court ruled that collateral estoppel barred ParkerVision from asking it or a jury to reach factual conclusions regarding the validity of the method claims that would conflict with the Board's fact findings for the apparatus claims. *Id.* at 1353–54, 1361. We reversed. We recognized that in an IPR proceeding, the petitioner has a burden to prove unpatentability by a preponderance of the evidence, whereas the district court requires the higher burden of clear and convincing evidence for invalidity. *Id.* at 1362. Thus we held that, under the Supreme Court's guidance in *B & B Hardware* and *Grogan*, collateral estoppel did not apply due to the differing burdens of proof. *Id.* at 1361–62.

Our reasoning in *ParkerVision* holds true in this appeal. Collateral estoppel generally does not apply when the second action involves application of a different legal standard, such as a different burden of proof. *B & B*

*Hardware*, 575 U.S. at 148, 154; *Grogan*, 498 U.S. at 284–85; 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4422 (3d ed. 2016). Before the Board, Groupon proved the unpatentability of the Unpatentable Claims by a preponderance of the evidence. Before the district court, however, Groupon's burden to prove that the Newly Asserted Claims are invalid is clear and convincing evidence. As such, collateral estoppel should not apply. To hold otherwise would deprive patent owners of their property right without first requiring proof of patent invalidity that satisfies the statutorily-prescribed clear and convincing evidence standard. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 102 (2011).

Groupon argues that our decision in *XY* provides that, notwithstanding differing burdens of proof, a final written decision by the Board may give rise to collateral estoppel in district court. We addressed and rejected a similar argument in *ParkerVision*. In *XY*, we established a limited exception to the general principle that collateral estoppel does not apply when there are different burdens of proof. *ParkerVision*, 116 F.4th at 1362. Specifically, we explained that *XY* stands for the more limited proposition that once this court affirms the Board's decision that a patent claim is unpatentable, the same claim cannot be asserted in district court. *Id.* We explained that once the claim is ruled unpatentable, it no longer exists, whereas when a claim has "*not* been found unpatentable[,] . . . those claims remain presumptively valid." *Id.* This is so because once a claim is already and finally held unpatentable as a result of an IPR, the claim is subject to a wholly ministerial, inevitable, unreversible cancellation. The premise invoked for collateral estoppel in *XY* does not rely on the Board's fact findings, but rather the retroactive cancellation of certain claims as a matter of law. Yet when a district court would necessarily rely on the Board's fact findings, and those facts have only been proven in a prior proceeding

under a lower burden of proof than what is required in district court, collateral estoppel does not apply. *Id.* The reasoning of *ParkerVision* applies equally here. The Newly Asserted Claims have not been found unpatentable and thus continue to exist until this court affirms a Board or district court decision that determines otherwise.

Contrary to Groupon's assertion, *Ohio Willow Wood* does not compel a different result. Groupon is correct that, under *Ohio Willow Wood*, collateral estoppel may apply to patent claims that were not previously adjudicated if the differences between the unadjudicated claims and the adjudicated claims "do not materially alter the question of invalidity." *Ohio Willow Wood*, 735 F.3d at 1342. What Groupon omits, however, is that *Ohio Willow Wood* addresses whether a prior *district court* invalidity ruling estopped the patentee from asserting claims in district court that are immaterially different for purposes of invalidity. *Id.* at 1341–43. Put another way, the district-court-to-district-court scenario presented in *Ohio Willow Wood* does not present the same burden of proof concern as the Board-to-district-court case before us. The district court's reliance on *Ohio Willow Wood* to establish that a prior Board unpatentability ruling estopped Kroy from asserting the unadjudicated, Newly Asserted Claims in district court ignores *B & B Hardware* and *Grogan* and thus was legal error.

We hold that a prior final written decision of the Board of unpatentability on separate patent claims reached under a preponderance of the evidence standard cannot collaterally estop a patentee from asserting other, unadjudicated patent claims in district court litigation. As such, dismissal was inappropriate.

## Conclusion

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons stated, we

reverse the district court's grant of Groupon's motion to dismiss and remand for further proceedings.

## REVERSED AND REMANDED

### COSTS

Costs against Groupon.

# United States Court of Appeals for the Federal Circuit

---

**KROY IP HOLDINGS, LLC,**

*Plaintiff-Appellant*

v.

**GROUPON, INC.,**

*Defendant-Appellee*

---

2023-1359

---

Appeal from the United States District Court for the District of Delaware in No. 1:17-cv-01405-MN, Judge Maryellen Noreika.

---

## JUDGMENT

---

THIS CAUSE having been considered, it is

ORDERED AND ADJUDGED:

**REVERSED AND REMANDED**

FOR THE COURT

February 10, 2025
Date

Jarrett B. Perlow
Clerk of Court