No. 2023-1359

# United States Court of Appeals
# for the Federal Circuit

———————————

KROY IP HOLDINGS, LLC,

*Plaintiff-Appellant,*

v.

GROUPON, INC.,

*Defendant-Appellee.*

———————————

On Appeal from the United States District Court for the District of Delaware, No. 1:17-cv-01405, Judge Maryellen Noreika

---

**RESPONSE OF PLAINTIFF-APPELLANT TO DEFENDANT-APPELLEE'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING *EN BANC***

---

Timothy Devlin
tdevlin@devlinlawfirm.com
(302) 449-9010
Paul Richter, Jr.
prichter@devlinlawfirm.com
(917) 254-5133
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806

*Attorneys for Plaintiff-Appellant
Kroy IP Holdings, LLC*

May 21, 2025

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2023-1359 |
| **Short Case Caption** | Kroy IP Holdings, LLC v. Groupon, Inc. |
| **Filing Party/Entity** | Appellant: Kroy IP Holdings, LLC |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/21/2025

Signature: /s/ Paul Richter, Jr.

Name: Paul Richter, Jr.

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Kroy IP Holdings, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable            ☑    Additional pages attached

| | | |
|---|---|---|
| David Ellis Moore<br>Potter Anderson & Corroon, LLP | Andrew L. Brown<br>Potter Anderson & Corroon LLP | Bindu A. Palapura<br>Potter Anderson & Corroon, LLP |
| Stephanie E. O'Byrne<br>Potter Anderson & Corroon LLP | Brandon Harper<br>Potter Anderson & Corroon  LLP | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑    Yes (file separate notice; see below)    ☐    No    ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**4. Legal Representations** (*continued*):

Kasowitz Benson Torres LLP
Jonathan K. Waldrop

Kasowitz Benson Torres LLP
Darcy L. Jones

Kasowitz Benson Torres LLP
Marcus A. Barber

Kasowitz Benson Torres LLP
John W. Downing

Kasowitz Benson Torres LLP
Heather S. Kim

Kasowitz Benson Torres LLP
Jack Shaw

Kasowitz Benson Torres LLP
Hershy Stern

Kasowitz Benson Torres LLP
Rodney R. Miller

David L. Hecht
Hecht Partners LLP

Conor B. McDonough, Ph.D
Hecht Partners LLP

James Zak
Hecht Partners LLP

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES ................................................................ vi

INTRODUCTION ............................................................................1

ARGUMENT ..................................................................................2

    I.    The Petition and Amicus Brief Mischaracterize the Facts and Holdings of the Collateral Estoppel Cases Analyzed and Relied on Correctly by the Court in Its Decision ..................................................................................2

    II.   The Other Cases and Arguments in the Petition and *Amicus* Brief Are Not Persuasive ..................................................................................7

    III.    Policy and Purported Public Commentary on the Court's Decision Do Not Support Rehearing ...........................................................................11

CONCLUSION .............................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980)................................................14

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
    135 S. Ct. 1293 (2015)...........................................3

*Black v. OPM*,
    641 F. App'x 1007 (Fed. Cir. 2006) ............................14

*Grogan v. Garner*,
    498 U.S. 279 (1991)..............................................3

*Lane v. Sullivan*,
    900 F.2d 1247 (8th Cir. 1990) .................................11

*Marlene Indus. Corp. v. N.L.R.B.*,
    712 F2d 1011 (6th Cir. 1983) ...................................6

*Microsoft Corp. v. i4i Ltd. P'ship*,
    564 U.S. 91 (2011)............................................ 8, 10

*Ohio Willow Wood Co. v. Alps South, LLC*,
    735 F.3d 1333 (Fed. Cir. 2013) ...............................1, 4

*Pabst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*,
    924 F.3d 1243 (Fed. Cir. 2019) ...............................15

*ParkerVision, Inc. v. Qualcomm, Inc.*,
    116 F.4th 1345 (Fed. Cir. 2024) ........................... 1, 2, 3

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir 1985) ..................................9

*Think Prod., Inc. v. ACCO Brands Corp.*,
    419 F. Supp. 3d 1078 (N.D. Ill. 2019).........................7

*XY, LLC v. Trans Ova Genetics*,
    890 F.3d 1282 (Fed. Cir. 2018) ........................... 1, 4, 6

**Rules**

37 CFR § 42.24 ...................................................................................13
Fed. R. Civ. P. 12 ............................................................................14
Fed. R. Civ. P. 56 ............................................................................14

**Other Authorities**

Restatement (Second) of Judgments § 28 ..................................8

# INTRODUCTION

This paper is submitted on behalf of Plaintiff-Appellant Kroy IP Holdings, LLC ("Kroy") in response to the Combined Petition for Rehearing and Rehearing *En Banc* of Defendant-Appellee Groupon, Inc. ("Groupon"), "the petition" ("Pet.") and the *amicus curiae* brief filed by Unified Patents, LLC ("Unified"). There is nothing in the petition or the *amicus* brief that merits revisiting the Court's well-reasoned decision in this appeal. That decision was factually accurate and legally sound under this Court's precedent in *ParkerVision, Inc. v. Qualcomm, Inc.*, 116 F.4th 1345 (Fed. Cir. 2024).

Nor did the Court's opinion overrule or misunderstand other collateral estoppel cases extensively briefed by the parties, such as *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018), which held that collateral estoppel applies, unlike here, to claims in litigation where the *same claim* is invalidated in a final IPR decision, and *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333 (Fed. Cir. 2013), which held that collateral estoppel can reach claims in a district court case that, unlike here, are not materially different from claims invalidated *by another district court*. The question here was different and narrower—whether patent claims invalidated by the PTAB in IPRs under the lesser preponderance of the evidence standard were properly used by the district court to collaterally estop assertion of *different claims* that were not subject to IPR review and subject to the

higher "clear and convincing evidence" standard for invalidity in district court.

The Court correctly answered that specific question by holding that "the reasoning

of *ParkerVision* applies equally here" to bar estoppel from reaching these

unadjudicated *different* patent claims. (Slip Op. at 8.) Groupon's petition should

be denied.

## ARGUMENT

**I.    The Petition and Amicus Brief Mischaracterize the Facts and Holdings of the Collateral Estoppel Cases Analyzed and Relied on Correctly by the Court in Its Decision**

Groupon starts its petition by trying to distinguish the *ParkerVision* case

based on its facts, focusing particularly on how the PTAB there invalidated the

system claims in a patent, but not the method claims, and then the district court

held that ParkerVision was collaterally estopped from arguing for the validity of

those method claims (*e.g.,* through its expert) by interpreting the prior art in a

manner at odds with the PTAB's interpretation of that art to invalidate the system

claims. Pet. at 3-4 (citing *ParkerVision*,116 F.4th at 1362). Groupon then

speculates that this Court, in reversing the district court, "reasoned" that the

PTAB's invalidation of the system claims could not be given collateral estoppel to

defeat "the PTAB's separate ruling affirming the *validity* of the method claims."

Pet. at 3-4 (emphasis in original).

Groupon mischaracterizes *ParkerVision*.  That case did not turn on the fact that Qualcomm had unsuccessfully attempted in the PTAB to invalidate the relevant method claims.  Rather, Qualcomm's attempt to collaterally estop the plaintiff at the district court level was rejected by this Court, and the district court's ruling was properly reversed, because the PTAB's fact findings leading to invalidating the system claims were made under the preponderance of the evidence standard used in an IPR, as compared to clear and convincing evidence required at the district court level.  *See ParkerVision*, 116 F.4th at 1361-62.

Here, the Court correctly applied the holding of *ParkerVision*, noting first the differing burdens of proof on patent invalidity in an IPR versus a district court and then observing that the holding in *ParkerVision* relied on the Supreme Court's guidance that collateral estoppel did not apply due to differing burdens of proof.  *See* Slip Op. at 6 (*citing B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293 (2015); *Grogan v. Garner*, 498 U.S. 279 (1991)).  The Court then correctly held that "[o]ur reasoning in *ParkerVision* holds true in this appeal" because "[c]ollateral estoppel generally does not apply when the second action involves application of a different legal standard, such as a different burden of proof."  Slip Op. at 6 (citations omitted).

Indeed, the *ParkerVision* holding aptly applies to Groupon's similar attempt here to estop Kroy from defending the validity of unadjudicated claims at the

district court. Just as in *ParkerVision*, Kroy's remaining claims are not the same

claims invalidated by the PTAB, and the PTAB made no fact findings regarding

prior art, motivation to combine, *etc.* under a clear and convincing standard of

proof. *ParkerVision* correctly governs, and the Court applied it properly to revere

the district court.

Groupon also mischaracterizes the facts and holdings from *XY* and *Ohio*

*Willow Wood* in its petition by recycling the same arguments from its merits

briefing, which the Court already correctly rejected. *See* Pet. at 7-9. For instance,

Groupon suggests that the PTAB's finding of invalidity in an IPR, as in *XY*, should

extend to all pending actions anywhere, including district court actions, and argues

that *Ohio Willow Wood* further extends such collateral estoppel to all other claims

that are not materially different from those found invalid by the PTAB. *See* Pet. at

7-8. Groupon is wrong on both accounts.

*XY* involved a PTAB final decision invalidating a patent claim where the

*same claim* was asserted in a district court. *See XY*, 890 F.3d at 1294. This case

involves *different claims* as between the PTAB and the district court. *Ohio Willow*

*Wood* applied collateral estoppel to a first set of claims in one district court

litigation based on invalidation in another district court litigation of a second set of

claims that were not identical to the first set, but where the burden on proof in both

forums was the same. *See Ohio Willow Wood,* 735 F.3d at 1342. Here, the

preponderance burden applied by the PTAB was different (and, critically, lower) than the clear and convincing burden applicable to the unadjudicated different claims in the district court.

The Court was correct in finding that neither of the above cases warrant, much less require, upholding the district court's collateral estoppel finding. Further, nothing in the Court's decision overturns or alters the holding of either *XY* or *Ohio Willow Wood,* given the different facts of those cases as compared to here. *See above*. In that regard, and contrary to the petition (Pet. at 8), the Court did not "accept" that Kroy's unadjudicated claims are only "immaterially different" from the invalidated claims by the PTAB. The Court did not decide that issue and did not need to because its holding is grounded in the different burdens of proof at the PTAB and the district court. *See above.*[1]

The Court here also did not distinguish *XY* on the basis that it was not a collateral estoppel case. The Court correctly recognized that *XY* did not address

---

[1] In attempting to distinguish *ParkerVision*, Unified made the same erroneous argument that the Court accepted that the unadjudicated claims in this case are only "immaterially different" from those claims invalidated by the PTAB in the IPR. Am. Br. at 6-7. The Court did not do that. Kroy showed in its briefs that the unadjudicated claims are different from the invalidated claims in the IPR and that the district court improperly compared them to hypothetical claims never addressed in the PTAB. *See* Kroy Principal Brief at 31-39. It was *Groupon's argument, not the Court's conclusion*, that they were not materially different. *See* Groupon Reply Brief at 21-26. The Court did not need to address those issues in correctly determine that collateral estoppel did not apply. *See* Slip Op. at 6-7.

the circumstances presented here, where Groupon attempted to use PTAB fact

findings made under the preponderance standard to prevent Kroy from defending

separate, unadjudicated claims that have to be invalidated under the higher clear

and convincing standard at the district court.  *See* Slip Op. at 7.

Unified makes the same mistake in its *amicus* brief.  According to Unified,

the *XY* court held that estoppel applies from PTAB proceedings to district court

proceedings despite the difference in burdens of proof.[2]  Amicus Brief ("Am. Br.")

at 2-3.  This argument misreads that case and ignores the differences between *XY*

and the present case.  As explained above, the issue here is not whether the

application of collateral estoppel to the *same claim*, as in *XY*, is correct; nor

whether the exception to collateral estoppel when the burdens of proof differ

should have been applied in that case nevertheless, as argued by Judge Newman in

the *XY* dissent.  *See XY*, 890 F.3d at 1298-1302; Pet. at 8-9.

Rather, the relevant question in this appeal is whether *XY* decides the

collateral estoppel issue presented here; it plainly does not, and the Court was

---

[2] Unified also argues that the precedent relied on by the Court citing the different
burden exception to collateral estoppel is non-binding and is only "a factor" for the
court to consider in deciding whether estoppel applies.  Am. Br. at 3.  Unified cites
*to Marlene Indus. Corp. v. N.L.R.B.,* 712 F.2d 1011, 1017 (6th Cir. 1983), as
support for its argument.  Marlene, however, is a 6th Circuit case, and the Court
correctly cited and followed Third Circuit, Federal Circuit, and Supreme Court law
in deciding that the different burdens exception warranted reversal of the district
court's finding of collateral estoppel.  Slip Op. at 4-6.

correct in finding that it did not.  Slip Op. at 7.  In any event, the Court already addressed Groupon's attempts to argue that *XY* controls here and correctly rejected them.  Repeating those arguments, whether by Groupon or Unified, is not a proper basis for rehearing or rehearing *en banc*.

## II.    The Other Cases and Arguments in the Petition and *Amicus* Brief Are Not Persuasive

Groupon's remaining arguments for rehearing are inapposite.

For example, Groupon points to *Think Prod., Inc. v. ACCO Brands Corp.*, 419 F. Supp. 3d 1078, 1084 (N.D. Ill. 2019), a district court case wherein collateral estoppel was applied against claims not materially different from claims canceled by the PTAB in IPR proceedings, which this Court affirmed without opinion.  *See* Pet. at 10.  That case was cited in Groupon's briefing in this appeal (*see* Groupon Reply Brief at 16-17, 20) and was not persuasive to the Court, as it should not be here for rehearing.  Indeed, the *Think Prod.* Court never considered the difference in burdens at the PTAB compared to district court, which the Restatement (Second) of Judgments specifically states is an exception to collateral estoppel.  *See* Restatement (Second) of Judgments § 28(4).  The *Think Prod.* case is not relevant precedent on that issue.

Likewise, the district court decisions cited in the petition (Pet. at 10) purportedly interpreting the *XY* and *Ohio Willow Wood* cases in the same manner as Groupon is urging here are irrelevant.  The fact that other district courts made

the same error as the district court here, which the Court correctly reversed, is
certainly not a basis for rehearing or rehearing *en banc*.

Further, Groupon's suggestion (Pet. at 11-12) that the higher burden of proof
for invalidity applicable in district court should be ignored for purposes of
applying collateral estoppel to unadjudicated claims is not supported by, and is
actually contrary to, the holding and reasoning of the Supreme Court in *Microsoft
Corp. v. i4i Ltd. P'ship*, 564 U.S. 91 (2011). *Microsoft* held that Section 282 of the
Patent Act requires an invalidity defense to be proved by "clear and convincing
evidence." *Microsoft*, 564 U.S. at 95. The holding in *Microsoft* is based on
effectuating Congressional intent in the use of "presumed valid" in Section 282 in
the context of longstanding caselaw indicating that clear and convincing evidence
is required to defeat a presumptively valid claim. *See Microsoft*, 564 U.S. at 100-
04.

*Microsoft* explains that there may be other rationales for the presumption of
validity aside from the PTO having expertise: "That statement is true enough,
although other rationales may animate the presumption in such circumstance."
*See Microsoft*, 564 U.S. at 108. *Microsoft* rejected the notion of having a
fluctuating standard of proof and emphasized that a "dubious preponderance" will
never suffice for an invalidity defense, as well as noting that it is for Congress to
legislate if it wants to lower the burden for any particular circumstances.

*See Microsoft*, 564 U.S. at 109.  Nothing in *Microsoft* supports abandoning the clear and convincing standard relative to collateral estoppel.  The Court properly relied on that standard and noted the differing burdens between the PTAB and district court in reversing the district court's collateral estoppel determination.  Slip Op. at 6.

Groupon's argument (Pet. at 13) regarding *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 605 (Fed. Cir. 1985), is new, but also falls flat.  Groupon is seemingly arguing that clear and convincing evidence should not be required for invalidity in a district court, which would then alter the collateral estoppel analysis for unadjudicated claims relative to an IPR decision.  However, the question of how the presumption in Section 282 may be overcome is precisely what the Supreme Court confirmed in *Microsoft* (*see above*), holding that clear and convincing evidence is the standard in district court without exception.  Congress provided a lower standard for the PTAB without creating a lower standard in district court for claims similar to those addressed in the PTAB.  In any event, *Patlex* was a challenge to constitutionality of reexams and is irrelevant here, as this appeal did not involve a challenge to the constitutionality of IPRs.

Unified also argues that the differing burdens of proof should not matter to whether collateral estoppel applies, citing to various bits and pieces of caselaw to weave its erroneous argument.  Am. Br. at 4-5.  Unified argues for a case-by-case

9

analysis of whether collateral estoppel should apply, separate from examining differing burdens of proof.  Am. Br. at 4-5.  This proposal would ignore all of the above established case law on collateral estoppel, including *ParkerVision*, *XY* and *Ohio Willow Wood*, which the Court properly analyzed in deciding this appeal.  Slip Op. at 6-8.

For example, Unified cites Justice Breyer's concurrence in *Microsoft* as supposed support for its case-by-case analysis proposal, arguing that if claims are patently indistinct then a patentee should have to identify facts "they believe were insufficient to meet [the] higher standard to avoid estoppel."  Am. Br. at 5.  However, the *Microsoft* case was not even addressing collateral estoppel.  Justice Breyer concurred with the majority and wrote separately to emphasize that the burden of proof applies to issues of fact.  He did not suggest there is a lower burden of proof for invalidity or that it should be applied case-by-case.  *See Microsoft*, 564 U.S. at 114-15.  Here, the PTAB made fact findings about prior art, how it compares to claims, motivation to combine, *etc.* under the preponderance standard, not the clear and convincing standard, making collateral estoppel inapplicable.

Moreover, Unified's proposal that the patent owner should have to show that the PTAB findings would not have met the clear and convincing standard ignores who has the burden of proof.  Section 282 gives claims the presumption of validity,

10

unless and until such claims are proved invalid by clear and convincing evidence. It certainly does not presume claims to be invalid unless the patent owner can show otherwise, as suggested by Unified.

Unified also cites *Lane v. Sullivan*, 900 F.2d 1247, 1252 (8th Cir. 1990), for the proposition that courts should not "inflexibly" apply the different burden exception to collateral estoppel. Am. Br. 5. First, *Lane* is an 8th Circuit case and, therefore, is not controlling authority here. Second, *Lane* is not a patent case and is readily distinguishable. The identical issue was at hand in both forums—whether plaintiffs understood certain documents. A finding in the first forum that they did in fact understand the documents precluded plaintiffs from arguing in the second forum that they did not understand them. Collateral estoppel was applied against the plaintiffs despite a lower burden in the second forum because of the affirmative finding that they understood the documents. *See Lane*, 900 F.2d at 1252-53. *Lane* did not involve collateral use of fact findings about *a first set of claims* to address a different issue, *i.e.,* whether *other claims* are invalid, as here.

## III.    Policy and Purported Public Commentary on the Court's Decision Do Not Support Rehearing

Groupon argues that public commentary on the Court's decision and supposed concerns about abuse of the patent system warrant rehearing. *See* Pet. at 15-16. Such "concerns" are unsubstantiated, overblown by Groupon, and certainly

do not justify ignoring the law of collateral estoppel or the law on burdens of proof, as Groupon wrongly urges in its petition.

Indeed, that a petitioner may ultimately provide a supposed advantage to a patent owner by not challenging all relevant claims in IPRs is not a basis to ignore the law here or in any case. Groupon could have challenged more claims, but did not even while filing two IPRs. There are numerous routes to challenge all claims in a given patent—challenging all claims by organizing into groups of representative claims, filing multiple IPRs, and petitioning for excess pages. *See, e.g.*, 37 C.F.R. § 42.24. More importantly, concerns about the limitations of PTAB procedures are within the realm of Congress and the USPTO, not this appeal or the resolution of this petition.

Further, Groupon's musings (Pet. at 16-17) about the purpose of the AIA and IPRs likewise do not merit rehearing of this appeal. If the legislative purpose of the AIA included allowing petitioners to challenge some claims in an IPR under a lower standard and then use the result collaterally against other claims in district court litigation, Congress would have lowered the burden of proof for such unadjudicated claims or created an express estoppel provision against patent owners. That did not occur and speculation about why is not a basis for any rehearing of the Court's decision.

Unified also makes various meritless policy arguments in its *amicus brief*, starting with a suggestion that courts should assess whether PTAB fact findings would also satisfy the clear and convincing standard for patent invalidity. *See* Am. Br. at 6. However, this proposal would require substantive fact findings to be made in Rule 12(b)(6) and/or summary judgment briefing, which is not permitted under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. Under the law correctly applied by the Court to this decision, nothing precludes a defendant from attempting to show that the prior art used at the PTAB provides clear and convincing evidence of invalidity of other, unadjudicated claims in the district court. However, a defendant must actually prove this, rather than invoking collateral estoppel as a shortcut and speculating about what findings the PTAB would supposedly have made under the higher burden of proof. That is not the law nor should it be.

Here, contrary to Unified's arguments (Am. Br. at 6), Kroy was not required to identify facts that would change the result under the higher standard of proof to avoid estoppel. Moreover, Unified's assertion that disputes regarding "understanding of the prior art" (Am. Br. at 6) are not affected by the standard of proof applied is plainly wrong. What the prior art discloses, whether teachings would have been combined, *etc.* are factual issues decided based on the standard of proof in a given forum. This is why collateral estoppel was not appropriate here,

as the Court correctly found, given the differing standards of proof at the PTAB versus the district court.[3]

Unified also wrongly argues that rehearing and reversal of the Court's decision is necessary to prevent vexatious litigation by patentees skirting the PTAB process. *See* Am. Br. at 7-10. This argument is senseless. Petitioners have the right to challenge all relevant claims in their IPR. Collateral estoppel is not a remedy for a petitioner who fails to do so. Here, Groupon was permitted to file two IPRs challenging the same patent and was not foreclosed from challenging more claims. If claims are indeed similar, petitioners can use the ready approach of designating certain claims as representative and establishing that all stand or fall together. The real potential for abuse is when a party like Groupon tries to revoke patentee's claims without adjudicating them on the merits, based on mere analogy to other claims only found unpatentable by a lower standard.

Unified's concerns (Am. Br. at 8-9) about patent owners filing a new, "do-over" lawsuit asserting more claims are also false because *res judicata* prevents the patentee from asserting claims that were or could have been raised against the same defendant in a prior lawsuit. *See Black v. OPM*, 641 F. App'x 1007, 1008 (Fed. Cir. 2006) (nonprecedential) (*citing Allen v. McCurry*, 449 U.S. 90, 94

---

[3] Also contrary to Unified's argument, Kroy had no need to "put its best case forward" (Am. Br. at 6) in the PTAB on claims Groupon did not challenge.

(1980)).  Finally, Unified's other concerns (Am. Br. at 8-9) about broader claims issuing from continuations are also unfounded.  An accused infringer faced with such a claim would have options to challenge such broader claims under the preponderance of the evidence standard—it could file another IPR or file for reexamination.  Collateral estoppel may apply in those USPTO or PTAB forums. *See Pabst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1252-53 (Fed. Cir. 2019).   However, if the defendant instead challenges validity in a district court, it must meet higher standard of preponderance of the evidence and cannot use collateral estoppel as a shortcut, as the Court correctly decided here.

## CONCLUSION

For the foregoing reasons rehearing and rehearing *en banc* are not warranted here, and Groupon's petition should be denied.


May 21, 2025                              Respectfully submitted,

                                         */s/ Paul Richter, Jr.*
                                         Timothy Devlin
                                         tdevlin@devlinlawfirm.com
                                         (302) 449-9010
                                         Paul Richter, Jr.
                                         prichter@devlinlawfirm.com
                                         (917) 254-5133
                                         DEVLIN LAW FIRM LLC
                                         1526 Gilpin Avenue
                                         Wilmington, DE 19806

                                         *Attorneys for Plaintiff-Appellant*
                                         *Kroy IP Holdings, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing motion complies with the relevant type-volume limitations of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it has been prepared in a proportionally spaced typeface in 14-point font and includes 3,581 words, excluding the parts exempted under those Rules.

*/s/ Paul Richter, Jr.*
Paul Richter, Jr.
prichter@devlinlawfirm.com
(917) 254-5133
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806

*Attorney for Plaintiff-Appellant*
*Kroy IP Holdings, LLC*